1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10              SAN JOSE DIVISION

11

12   MADHVAMUNI K. DAS, et al.,          )        Case No. C10-0650 PVT
                                         )
13            Plaintiff,                  )        **ORDER GRANTING IN PART AND**
                                         )        **DENYING IN PART CENTRAL MORTGAGE**
14      v.                                )        **COMPANY'S AND MORTGAGE ELECTRONIC**
                                         )        **REGISTRATION SYSTEMS, INC.'S MOTION**
15   WMC MORTGAGE CORP., et al.,         )        **TO DISMISS FOR FAILURE TO STATE A**
                                         )        **CLAIM UPON WHICH RELIEF MAY BE**
16            Defendants.                 )        **GRANTED MOTION TO EXPUNGE NOTICE**
     _____  )        **OF PENDENCY OF ACTION**
17

18          Presently pending before the court is the motion to dismiss brought by Defendants Central

19   Mortgage Company ("Central") and Mortgage Electronic Registration Systems, Inc. ("MERS").

20   Based on all the briefs and arguments presented,

21          IT IS HEREBY ORDERED that these Defendants' Motion to Dismiss is GRANTED IN

22   PART and DENIED IN PART, with leave for Plaintiffs to file an amended complaint as discussed

23   herein.  Plaintiffs shall file the amended complaint within 30 days after entry of this order.

24   Defendants shall have 30 days after Plaintiffs file their amended complaint to file their response.

25          IT IS FURTHER ORDERED that the motion to expunge the notice of pendency of action is

26   GRANTED.

27

28

## I.      INTRODUCTION

Plaintiffs allege they are immigrants, minorities, and reside at 5978 Allen Ave, San Jose, California ("the Subject Property").  They further allege that in 2006 Defendants induced them to take out a home loan in the amount of $945,000 (the "Loan").  They claim Defendants knew they had limited income and did not qualify for the Loan.  They filed a complaint on February, 16, 2010 in which they asserted numerous causes of action arising from events connected with the Loan and the subsequent commencement of foreclosure proceedings.  Defendants Central and MERS moved to dismiss for failure to state a claim.  Plaintiffs filed a First Amended Complaint ("FAC") and then an opposition to the motion to dismiss in which they argued that the motion was mooted by the FAC. Defendants Central and MERS responded by filing the present motion to dismiss the FAC.[1]  In their new motion, Defendants Central and MERS argue that Plaintiffs' FAC should be dismissed because it fails to state plausible claims against them.  In their opposition, Plaintiffs concede that First through Tenth and Fifteenth through Nineteenth are not asserted against Defendants Central and MERS.  And Defendants' motion does not address the Twenty-First cause of action.  Thus, the only causes of action at issue for the purposes of this motion are the Eleventh through Fourteenth, the Twentieth, Twenty-Second and Twenty-Third.

## II.     LEGAL STANDARDS

### A.      DISMISSAL FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint.  Dismissal is warranted where the complaint lacks a cognizable legal theory.  *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").

A complaint may also be dismissed where it presents a cognizable legal theory, but fails to plead facts essential to the statement of a claim under that theory.  *Robertson*, 749 F.2d at 534.  The

---

[1]     The prior motion to dismiss filed by Central and MERS is deemed withdrawn.

Supreme Court has held that, while a complaint does not need detailed factual allegations:

> "[a] plaintiff's obligation to provide 'grounds' of his 'entitle(ment) to relief' requires more than labels and conclusions . . . .  Factual allegations must be enough to raise a right to relief above the speculative level . . . ."

*See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

On a Rule 12(b)(6) motion, all facts are assumed to be true and construed in the light most favorable to the nonmoving party.  *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003).

### B.   LEAVE TO AMEND

Leave to amend must "be freely given when justice so requires."  *See* FED.R.CIV.P. 15(a).  This policy is applied with "extraordinary liberality."  *See Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990).  "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607 (9th Cir. 1992).  "[T]here exists a presumption under Rule 15(a) in favor of granting leave to amend."  *See Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).  However, leave to amend need not be granted when amendment would be futile.  *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

### III.   DISCUSSION

#### A.   DISMISSAL IS NOT WARRANTED AS TO PLAINTIFFS' ELEVENTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2923.5.

In the FAC, Plaintiffs allege that the Defendants violated California Civil Code section 2923.5 because they did not contact the borrower, and because the notice of default did not include a required declaration.  Defendants argue that this cause of action fails because (1) the Notice of Default did include the required declaration that Central contacted the borrower to discuss the borrower's financial situation, (2) Plaintiffs did not explain how they were prejudiced by the alleged failure to contact them, (3) California Civil Code section 2923.5 does not afford a private right of action, and (4) Plaintiffs have not tendered the amount of the secured indebtedness.

Section 2923.5 provides: "a mortgagee, trustee, beneficiary or authorized agent may not file a notice of default [...] until 30 days after initial contact is made [...] or 30 days after satisfying the due diligence requirements." CAL. CIV. CODE § 2923.5(a)(1).  The contact is required in order "to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." CAL. CIV. CODE § 2923.5(a)(2).  Further, a notice of default must be accompanied by a declaration specifying that the "mortgagee, beneficiary or authorized agent has contacted the borrower or has tried with due diligence to contact the borrower." CAL. CIV. CODE § 2923.5(b).

The parties dispute whether or not the Defendants contacted the Plaintiffs at least 30 days prior to the filing of the Notice of Default.  The Defendants rely on a declaration by Defendant Central which was attached to the Notice of Default that was recorded, for which the Defendants have requested judicial notice.  Because the declaration does not contain information that is generally known, Defendants' grounds for their request for judicial notice must be predicated on the declaration being a source "whose accuracy cannot reasonably be questioned." FED. R. EVID. § 201(b)(2).   The court may take judicial notice of the fact that the declaration signed by Natalie McClendon on April 18, 2009 was recorded.  However, the court may not take notice of the content of the declaration because Defendants have not shown that Ms. McClendon is a source "whose accuracy cannot reasonably be questioned."  *See e.g., Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858 n. 3 (9th Cir. 2008); and *Turnacliff v. Westly*, 546 F.3d 1113, 1120 n. 5 (9th Cir. 2008).  The fact that the declaration was recorded is not indisputable proof that Defendants actually contacted Plaintiffs to discuss their financial situation and the impending foreclosure.  Further, courts may not take notice of any matter that is in dispute.  *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Walker v. Woodford*, 454 F.Supp.2d 1007, 1022 (S.D.Cal. 2006).

Defendants argue that Plaintiffs' claim under Section 2923.5 fails because Plaintiffs have not alleged that they suffered prejudice as a result of Defendants' failure to contact them, citing *Pantoja v. Countrywide*, 640 F.Supp.2d 1177, 1186 (N.D.Cal. 2009).  However, *Pantoja* does not support Defendants' position.  In *Pantoja*, the plaintiff did not challenge the Defendants' assertion that they had contacted the plaintiff as required by section 2923.5(b).  *Id.*  Rather, the plaintiff only alleged that Defendants did not attach to the notice "a declaration based on personal knowledge discussing

1   or detailing their efforts to avoid foreclosure." *Id.* The court explained that in order to survive a

2   motion to dismiss, "plaintiff would need to allege that this contact either did not occur or was

3   deficient." *Id.* That is precisely what Plaintiffs allege here. Moreover, Plaintiffs specifically allege

4   that as a result of Defendants' violation of section 2923.5, they "have suffered, and continue to

5   suffer, damages including, without limitation, monetary damages and emotional distress." *See* FAC

6   ¶ 130.

7        Defendants also contend that section 2923.5 does not afford a private right of action. There

8   is not a consensus among the courts who have considered this issue. *Cf. Gaitan v. Mortgage*

9   *Electronic Registration Systems*, No. EDCV 09-1009, 2009 WL 3244729, at *7 (C.D.Cal. 2009)

10  (finding no private right of action) with *Mabry v. Superior Court*, 185 Cal.App.4th 208, 217 (2010)

11  ("in order to have its obvious goal of forcing parties to communicate (the statutory words are 'assess'

12  and 'explore') about a borrower's situation and the options to avoid foreclosure, section 2923.5

13  necessarily confers an individual right"). The court finds the California appellate court's reasoning

14  in *Mabry* regarding this California law persuasive. *See also, Ortiz v. Accredited Home Lenders*, 639

15  F.Supp.2d 1159, 1166 (S.D.Cal. 2009) (agreeing that "California legislature would not have enacted

16  this "urgency" legislation, intended to curb high foreclosure rates in the state, without any

17  accompanying enforcement mechanism").

18       Defendants further argue that this cause of action should be dismissed because Plaintiffs have

19  not alleged tender of the amount of the secured indebtedness. However, the rationale underlying the

20  tender rule does not apply in this case. As one California appellate court has explained, "the

21  rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale

22  procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs." *See*

23  *FPCI RE-HAB 01 v. E & G Investments*, 207 Cal.App.3d 1018, 1022 (1989). Essentially, requiring

24  tender of the amount of the secured indebtedness was proper because otherwise invalidating the

25  foreclosure sale would be a useless act. *See Id.* at 1021.

26       Unlike the situation in *E&G Investments*, voiding a foreclosure for violation of Section

27  2923.5 is not inherently a useless act absent tender. The whole purpose of this section is to allow a

28  homeowner an opportunity to at least discuss with the lender the possibility of loan modification.

1    Where such communication does result in loan modification, the homeowner can avoid foreclosure

2    even if he or she would not otherwise be in a position to fully "redeem" the property at a foreclosure

3    sale.  In situations like this, a requirement that the homeowner tender the entire amount of the

4    secured indebtedness would actually defeat the purpose of the statute.

5        Based on the foregoing, Defendants have not shown that dismissal is warranted as to this

6    cause of action.

7

8    **B.    DISMISSAL IS WARRANTED AS TO PLAINTIFFS' TWELFTH CAUSE OF ACTION TO QUIET TITLE AGAINST DEFENDANTS CENTRAL AND MERS**

9        Defendants argue that the cause of action for quiet title fails because Plaintiffs have not

10   alleged defendant MERS claims an interest in the Subject Property.  They further contend that this

11   cause of action fails as asserted against Central because it lacks necessary elements and because a

12   mortgagor cannot quiet title against the mortgagee without paying the secured debt .  Plaintiffs do

13   not dispute these assertions and simply request leave to amend if the court finds any defects in this

14   cause of action.

15       The Plaintiffs have not alleged that MERS has, and MERS does not claim to have, an interest

16   in the Subject Property.  To the contrary, the FAC alleges that "MERS assigned, granted and

17   transferred to Old Republic all beneficial interest under [...] the deed of trust."  FAC ¶ 36. Defendant

18   MERS confirms it has no present interest in the Subject Property.  To properly assert cause of action

19   for quiet title, a complaint must include "the adverse claims to the title of the plaintiff."  *See* CAL.

20   CODE CIV. PROC. § 761.020(c).  The plaintiff must describe the adverse claims with specificity.  *See*

21   CAL. CODE CIV. PROC. § 761.020(c) notes; *see also, Ortiz v. Accredited Home Lender*, 639

22   F.Supp.2d 1159, 1168 (S.D.Cal. 2009).  Thus, this cause of action fails against Defendant MERS.

23       The cause of action also fails as asserted against defendant Central because the FAC is not

24   verified and does not contain a legal description of the property, the title of the plaintiff, the adverse

25   claims to the title, or the date as to which determination is sought.  *See*, CAL. CODE CIV. PRO.

26   § 761.020.  Thus, dismissal is warranted as to this cause of action against Central and MERS.

27   Plaintiffs are granted leave to amend the complaint, if they can do so consistent with the

28   requirements of Federal Rules of Civil Procedure 11.

1
2

### C.   DISMISSAL IS WARRANTED AS TO PLAINTIFFS' THIRTEENTH CAUSE OF ACTION FOR VIOLATION OF RICO AGAINST CENTRAL AND MERS

3    Defendants argue that the cause of action for the violation of RICO fails because the FAC

4  does not plead facts with sufficient particularity.  In response, Plaintiffs point out that the RICO

5  claim in the FAC "provides a list of [ten] specific predicate acts, three of which directly relate to

6  Defendants' conduct."

7    To state a civil RICO claim, Plaintiffs must allege (1) conduct (2) of an enterprise (3) through

8  a pattern (4) of racketeering activity (5) causing injury to Plaintiffs' "business property or property."

9  *See Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001).  Plaintiffs allege that Defendants violated the

10  RICO statute which provides: "It shall be unlawful for any person employed by or associated with

11  any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to

12  conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a

13  pattern of racketeering activity or collection of unlawful debt." *See,* 18 U.S.C. § 1962(c).  A "pattern

14  of racketeering activity" means "at least two acts of racketeering activity." *See* 18 U.S.C. § 1961(5).

15  "Racketeering activity" can be any act which is indictable under a criminal offense listed in the

16  statute.  *See* 18 U.S.C. § 1961(1)(B).

17    Plaintiffs allege that "the predicate acts which constitute this pattern of racketeering activity

18  were part of a scheme to wrongfully foreclose upon the Subject Property without legal right, and

19  therefore acquire title to the Subject Property through deception and fraud."  FAC ¶ 138.  Essentially,

20  Plaintiffs contend that Defendants engaged in mail and wire fraud: "for the purpose of executing this

21  scheme to defraud Plaintiffs and obtain money by means of false pretenses, said Defendants also

22  transmitted and received messages by wire, including but not limited to telephone and internet

23  communications."  FAC ¶ 140.  Mail fraud as a predicate to a RICO claim is subject to the

24  heightened pleading standard of Fed. R. Civ. Pro. 9(b) which requires that the circumstances

25  constituting fraud be stated with particularity.  *See Alan Neuman Productions v. Albright*, 862 F.2d

26  1388, 1392-1393 (9th Cir. 1988) ("the pleader must state the time, place, and specific content of the

27  false misrepresentations as well as the identities of the parties to the misrepresentation.")

28    Plaintiffs have not stated the predicate acts with sufficient particularity.  Plaintiffs contend

that Paragraph 138(h-j) of the FAC provides sufficient allegations.  Plaintiffs have not indicated the "time, place and specific content" of the allegedly false representations made by Defendants to Plaintiffs or the type of communications used by Defendants.  Plaintiffs simply alleged that Defendants communicated with Plaintiffs in order to defraud Plaintiffs.  Plaintiffs also alleged that "[t]hese acts of racketeering occur[ed] within ten years of each other" but did not specify when those acts occurred.  FAC ¶ 141.  Dismissal of this claim against Central and MERS is warranted because Plaintiffs' allegations do not meet the heightened pleading standard required under Fed. R. Civ. Pro. 9(b).  Plaintiffs are granted leave to amend the complaint, if they can do so consistent with the requirements of Federal Rules of Civil Procedure 11.

### D.   DISMISSAL IS NOT WARRANTED AS TO PLAINTIFFS' FOURTEENTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Defendants argue that the cause of action for intentional infliction of emotional distress should be dismissed for two reasons: (1) emotional distress is not recoverable as an element of a fraud or breach of contract claim; and (2) the conduct of the beneficiary and trustee in foreclosing upon the Subject Property is privileged.

Defendants' first arguments fail because this is not a cause of action for either fraud or breach of contract.  As such, the case authorities related to whether emotional distress damages may be recovered in connection with a cause of action for contract or fraud are inapposite.

The "privilege" Defendants assert for conduct in pursuit of their own economic interests does not shield them from liability they have acted in an outrageous manner and the elements of an action for intentional infliction of emotional distress are otherwise met.  *See, e.g. Fletcher v. Western National Life Ins. Co.*,10 Cal.App.3d 376, 395-96 (1970) ("one who, in exercising the privilege of asserting his own economic interests, acts in an outrageous manner may be held liable for intentional infliction of emotional distress"); *see also, Krause v. Bank of America*, 202 Cal.App.3d 38, 67 (1988) ("A party is not subject to liability for infliction of emotional distress when it has *merely* pursued its own economic interests and *properly* asserted its legal rights" (emphasis added)).

Based on the foregoing, Defendants have not shown that dismissal is warranted as to this cause of action.

1

2

    **E.**    **DISMISSAL IS NOT WARRANTED AS TO PLAINTIFFS' TWENTIETH CAUSE OF ACTION AGAINST DEFENDANTS CENTRAL AND MERS FOR NEGLIGENCE**

3      Defendants argue that the cause of action for negligence fails because (1) it pertains solely to

4 American Mortgage and CIT Group, (2) the allegation that Defendants breached a duty of reasonable

5 care is conclusory, and (3) the cause of action is barred by the statute of limitations.

6      The FAC does not limit this cause of action to Broker and Lenders as suggested by

7 Defendants.  Rather, the FAC alleges that "[a]ll Defendants" owe a duty of reasonable care and that

8 Defendants breached that duty by "subjecting the Plaintiffs to an unreasonable risk of harm."  FAC

9 ¶¶ 197, 198.

10      Defendants' second argument is likewise unpersuasive.  Plaintiffs point out that the cause of

11 action incorporates by reference the previously asserted allegations.  Based on at least one of those

12 allegations, Plaintiffs adequately alleged the breach of a duty of reasonable care.  Specifically,

13 Plaintiffs allege that Defendants "refused to pursue alternatives to foreclosure of the subject property

14 with Plaintiffs."  FAC ¶ 138(i).

15      Generally, a financial institution does not owe a duty of care to a borrower in connection with

16 "ordinary role of a lender in a loan transaction."  *See Nymark v. Heart Fed. Savings & Loan Assn.*,

17 231 Cal.App.3d 1089, 1096 (1991) (lender owed no duty of care to borrower in connection with

18 appraisal which was done to protect *lender's* interests).  However, the fact that lenders traditionally

19 had no duty of care to borrows while acting to protect their own interests does not shield lenders

20 from any duty of care to a borrower under all circumstances.  For example, a lender may incur

21 liability for negligence to the borrow "when the lender actively participates in the financed enterprise

22 beyond the domain of the usual money lender."  *Id.*

23      The court in Nymark explained that in order to determine whether a financial institution owes

24 a duty of care to a borrower-client, the court must consider a number of factors including "(1) the

25 extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to

26 him, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection

27 between the defendant's conduct and the injury suffered, (5) the moral blame attached to the

28 defendant's conduct, and (6) the policy of preventing future harm."  *Id.* at 1098.  It appears likely

1    that weighing those factors would support a finding of a duty of care under the present

2    circumstances.[2]  However, the court need not go through this exercise, because under the present

3    circumstances a duty of care may be "borrowed" from California Civil Code section 2923.5.  *See*

4    *Elsner v. Uveges*, 34 Cal.4th 915, 927-928, fn. 8 (2004) ("Statutes may be borrowed in the

5    negligence context . . . to establish a duty of care"); *see also* CAL. EVID. CODE § 669.

6          California Evidence Code section 669 provides that "negligence is presumed if the plaintiff

7    established four elements: (1) the defendant violated a statute, ordinance, or regulation of a public

8    entity; (2) the violation proximately caused death or injury to person or property; (3) the death or

9    injury resulted from an occurrence [] the nature of which the statute, ordinance, or regulation was

10   designed to prevent; and (4) the person suffering the death or the injury to his person or property was

11   one of the class of persons whose protection the statute, ordinance or regulation was adopted." *Das*

12   *v. Bank of America*, 186 Cal.App.4th 727, 738 (Jun. 28, 2010).  The first two elements are questions

13   of fact, while the latter two elements are determined by the court as a matter of law.  *See Galvez v.*

14   *Frields*, 88 Cal.App.4th 1410, 1420 (2001).  Here, taking the allegations of the complaint as true for

15   purposes of this motion to dismiss, Defendants failure to contact Plaintiffs and failure to explore

16   options to avoid foreclosure violated the mandate of Section 2923.5, Plaintiffs were thereby injured

17   because they lost their home to foreclosure without any opportunity to explore alternatives with the

18   lender, that injury is exactly the kind of occurrence Section 2923.5 was designed to prevent, and

19   Plaintiffs are among the class of persons for whose protection Section 2923.5 was enacted.  Thus,

20   Plaintiffs have adequately alleged a cause of action for negligence against these Defendants.

21         This claim is not barred by the statute of limitations.  In California the statute of limitations

22   for negligence is two years.  *See* CAL. CODE CIV. PROC. § 335.1.  The acts alleged in Paragraph

23   138(i) of the FAC occurred in 2009, less than 2 years before this lawsuit was filed.

24         Based on the foregoing, Defendants have not shown that dismissal is warranted as to this

25   cause of action.

26

27         [2]      The court does not at this time ascribe moral blame to the acts alleged in the FAC.
28   Regardless of the presence or lack of moral blame, the remaining factors would appear to weigh decidedly in favor of finding a duty of care.

1

2

**F.    Dismissal Is Warranted as to Plaintiffs' Twenty-Second Cause of Action for Wrongful Foreclosure Fails to State a Cause of Action**

3    Plaintiffs base their cause of action for wrongful foreclosure on Defendants' lack of

4    possession of the original promissory note, failure to identify the holder of the beneficial interest in

5    the Notice of Trustee's Sale, and failure to comply with California Civil Code section 2923.5.

6    Plaintiffs' first argument is unpersuasive.  In California, there is no requirement to produce

7    an original promissory note prior to the initiation of a nonjudicial foreclosure.  *See Pantoja v.*

8    *Countrywide Home Loans*, 640 F.Supp.2d 1177, 1186 (N.D.Cal. 2009).  And Defendants' failure to

9    identify the beneficiary as required under California Civil Code section 2924c(b)(1) is not sufficient

10   to invalidate the sale where no prejudice was suffered by the plaintiff.  *Id.*

11   Finally, while Plaintiffs allege they have sustained injury as a result of Defendants' alleged

12   failure to comply with California Civil Code section 2923.5, that allegation appears to be insufficient

13   to constitute wrongful foreclosure. "An action for the tort of wrongful foreclosure will lie [only] if

14   the trustor or mortgagor can establish that at the time the power of sale was exercised or the

15   foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or

16   trustor's part which would have authorized the foreclosure or exercise of the power of sale." *See*

17   *Roque v. Suntrust Mortg., Inc*, 2010 WL 546896 (N.D.Cal. Feb. 10, 2010), quoting *Collins v. Union*

18   *Federal Sav. & Loan Ass'n*, 99 Nev. 284, 662 P.2d 610, 623 (Nev. 1983).

19   Because Plaintiffs fail to allege that no breach of condition or failure of performance existed

20   on their part at the time of the foreclosure sale, dismissal is warranted as to this cause of action.

21   Plaintiffs are granted leave to amend if they can do so consistent with the requirements of Federal

22   Rules of Civil Procedure 11.

23

24

**G.    Dismissal is Warranted as to Plaintiffs' Twenty-Third Cause of Action for an Accounting Fails to State a Cause of Action**

25   Defendants argue that this cause of action fails because (1) the FAC contains no viable

26   claims for relief, (2) Plaintiffs' have not alleged sufficient facts to support a fiduciary duty between

27   themselves and Defendants, (3) Plaintiffs' substantive claims provide adequate remedies at law.

28

1    Defendants' second and third arguments are dispositive.  An accounting may be sought

2  "where a fiduciary relationship exists between the parties" or "where ... the accounts are so

3  complicated that an ordinary legal action demanding a fixed sum is impracticable." *See* 5 Witkin,

4  Cal. Proc. 5th (2008) Pleading, § 819.  "A suit for an accounting will not lie where it appears from

5  the complaint that none is necessary or that there is an adequate remedy at law." *See St. James*

6  *Church of Christ Holiness v.Super. Ct. of L.A. County*, 135 Cal.App.2d 352, 359 (1955).

7    In the present case, Plaintiffs have not alleged sufficient facts to support a fiduciary duty.

8  Therefore, any cause of action for an accounting must plausibly allege that the accounts are so

9  complicated that an ordinary legal action demanding a fixed sum is impracticable.  Plaintiffs have

10  not done so.  Plaintiffs conclusory assertion that a balance is due that can "only be ascertained by an

11  accounting" is insufficient to "raise a right to relief above the speculative level." *See Twombly,* 550

12  U.S. at 555.  Moreover, Plaintiffs have not alleged that they have no adequate remedy at law.  Thus,

13  dismissal is warranted as to this cause of action.

14    Plaintiffs are granted leave to amend the complaint, if they can do so consistent with the

15  requirements of Federal Rules of Civil Procedure 11.

16    **H.    AN ORDER EXPUNGING THE NOTICE OF PENDENCY OF ACTION IS REQUIRED**
       **BECAUSE PLAINTIFFS HAVE NOT ESTABLISHED THE PROBABLE VALIDITY OF THE**
17     **REAL PROPERTY CLAIM BY A PREPONDERANCE OF THE EVIDENCE**

18    Plaintiffs argue that the Notice of Pendency of Action should not be expunged because the

19  complaint indicates probable validity of a judgment against Defendants, and because Defendants

20  must file a motion to expunge the Notice of Pendency of Action.  Neither argument defeats

21  Defendants' motion as to the Notice of Pendency of Action.

22    Addressing the second argument first, the court notes that the instant motion *is* a motion to

23  expunge the Notice of Pendency of Action.

24    As to Plaintiffs' showing of probable validity, Plaintiffs reliance on their unverified

25  complaint is insufficient.  California Code of Civil Procedure 405.32 provides:

26    In proceedings under this chapter, the court shall order that the notice be expunged if
       the court finds that the claimant has not established by a preponderance of the
27     evidence the probable validity of the real property claim. The court shall not order an
       undertaking to be given as a condition of expunging the notice if the court finds the
28     claimant has not established the probable validity of the real property claim.

ORDER, *page 12*

Because Section 405.32 requires a claimant to establish the probable validity of a real property claim "by a preponderance of the evidence," the burden cannot be met by an unverified complaint. *See, Burger v. Superior Court*, 151 Cal.App.3d 1013, 1019 (1984) (noting that even under a definition of evidence that includes verified documents of various kinds, an unverified complaint is not sufficient evidence to defeat a motion to expunge a lis pendens). Because Plaintiffs have not submitted *any* evidence in support of their real property claim, Section 505.32 mandates that the court grant the motion to expunge the Notice of Pendency of Action.

**IV.   CONCLUSION**

For the reasons discussed herein, dismissal of the Twelfth, Thirteenth, Twenty-Second and Twenty-Third causes of action in the FAC is warranted as to Central and MERS. Plaintiff is granted leave to amend. In all other respects, dismissal of the FAC is not warranted as to Defendants Central and MERS.

An order expunging the Notice of Pendency of Action is warranted because Plaintiffs failed to submit any actual evidence in support of their real property claims.

Dated: *10/28/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 13*