UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MADHVAMUNI K. DAS; GEETHA M. DAS, ) | Case No.: C10-00650-LHK |
| ) | |
| Plaintiffs, ) | ORDER GRANTING MOTION TO |
| ) | WITHDRAW AS COUNSEL AND |
| v. ) | EXTENSION OF TIME TO RESPOND |
| ) | TO DEFENDANT'S MOTION TO |
| WMC MORTGAGE CORP., et al., ) | DISMISS |
| ) | |
| Defendants. ) | |
| ) | |

On July 8, 2011, The Chugh Firm, APC ("Chugh") moved to withdraw as counsel for Plaintiffs Madhvamuni K. Das and Geetha M. Das ("Plainitffs") on the grounds that Plaintiffs refuse to engage in discovery and owe nearly $75,000 in legal fees. *See* ECF No. 112. In light of the motion to withdraw, the parties also filed a joint stipulation for extension of time to respond to defendant's motion to dismiss. *See* ECF No. 123. For the following reasons, the Court GRANTS the unopposed motion to withdraw as counsel and the extension of time to respond to defendant's motion to dismiss.

**I. BACKGROUND**

On February 19, 2010, Chugh filed a complaint on behalf of Plaintiffs alleging, among other things, violations of the Truth in Lending Act related to the purchase of real property. *See*

1
Case No.: C10-00650-LHK
ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL AND EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS

1   ECF No. 1 (Complaint).  Preliminary disclosures were to be exchanged by March 1, 2011.  *See*

2   ECF No. 118 (Case Management Statement).  However, as of July 2011, the parties had yet to

3   propound any discovery.  *See id*.  According to Chugh, Plaintiffs have "refus[ed] to expend time,

4   resources and funds on expensive discovery, thus causing the litigation to come to a standstill."

5   ECF No. 112 (Shah Decl.) at 2.  In addition, Chugh claims that Plaintiffs have amassed unpaid

6   legal fees totaling $72,519.78.  *Id*.

      Chugh served written notice of this motion on Plaintiffs and all other parties on June 15,
2011, more than four months before the hearing date.  *See* ECF No. 112, Ex. A; Ex. B.  The same day, Plaintiffs signed a letter consenting to Chugh's withdrawal.  *See id*, Ex. B.  Defendants did not oppose the motion.

      On October 12, 2011, Chugh and Plaintiffs appeared before the Court for oral argument on the motion to withdraw as counsel.  Plaintiffs reiterated their consent to Chugh's withdrawal and indicated that they would proceed with the case *pro se*.

## II. LEGAL STANDARDS

      "An attorney may not withdraw as counsel except by leave of court."  *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992).  Permission to withdraw is discretionary. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982).  In ruling on a motion to withdraw, courts have considered: "1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case."  *CE Res., Inc. v. Magellan Group, LLC*, 2:08-CV-02999MCEKJM, 2009 WL 3367489, *2 (E.D. Cal. Oct. 14, 2009

      In addition, attorneys seeking to withdraw must "comply with the standards of professional conduct required of members of the State Bar of California."  Civil Local Rule 11-4(a)(1).  Under the California Rules of Professional Conduct, withdrawal may be appropriate if the client "renders it unreasonably difficult for the member to carry out the employment effectively" or "breaches an

2

Case No.: C10-00650-LHK
ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL AND EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS

agreement or obligation to the member as to expenses or fees." CAL. R. PROF. CONDUCT 3-700(C)(1)(d); 3-700(C)(1)(f). Before withdrawing for any reason, an attorney must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), [1] and complying with applicable laws and rules." CAL. R. PROF. CONDUCT 3-700(A)(2). The Civil Local Rules also require an attorney to provide written notice of her intent to withdraw "reasonably in advance to the client and all other parties who have appeared in the case." Civil Local Rule 11-5(a).

Where withdrawal by an attorney is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear *pro se*, leave to withdraw may be subject to the condition that papers continue to be served on counsel for forwarding purposes until the client appears by other counsel or *pro se*. Civil Local Rule 11-5(b).

### III. DISCUSSION

Chugh argues that continuing to pursue this matter on behalf of Plaintiffs would be "unreasonably difficult" because of Plaintiffs' refusal to engage in discovery. Shah Decl. at 2. The Court agrees that where discovery is necessary to the effective prosecution of a claim, the client's reluctance to participate may create "irreconcilable differences of opinion … as to the best litigation strategy," justifying withdrawal. *Moss Landing Commercial Park LLC v. Kaiser Aluminum Corp.*, C-07-06072 RMW, 2009 WL 764873 (N.D. Cal. Mar. 19, 2009). Similarly, Plaintiffs' failure to pay legal fees is grounds for granting a motion to withdraw. *See id*; *U.A. Local 342 Joint Labor-Mgmt. Comm. v. S. City Refrigeration, Inc.*, C-09-3219 JCS, 2010 WL

---

[1] Rule 3-700(D) provides: "A member whose employment has terminated shall: (1) Subject to any protective order or non-disclosure agreement, promptly release to the client, at the request of the client, all the client papers and property. 'Client papers and property' includes correspondence, pleadings, deposition transcripts, exhibits, physical evidence, expert's reports, and other items reasonably necessary to the client's representation, whether the client has paid for them or not; and (2) Promptly refund any part of a fee paid in advance that has not been earned. This provision is not applicable to a true retainer fee which is paid solely for the purpose of ensuring the availability of the member for the matter."

3
Case No.: C10-00650-LHK
ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL AND EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS

1293522 (N.D. Cal. Mar. 31, 2010) (motion to withdraw granted on the basis that client failed to pay fees, cooperate or communicate effectively with counsel); CAL. R. PROF. CONDUCT 3-700(C)(1)(f).

Furthermore, withdrawal here will not unduly prejudice the other litigants. Chugh has complied with the notice obligations of Civil Local Rule 11-5(a), and all Defendants have been aware of counsel's intent to withdraw for nearly four months. In fact, the joint stipulation for extension of time indicates that Defendants wish to "permit a final resolution of the…motion to withdraw…and to allow Plaintiffs sufficient time to respond to the Motion to Dismiss." ECF No. 123 at 2. Finally, Plaintiffs consented to Chugh's withdrawal both in writing and before the Court, and have elected to proceed *pro* se.

## IV. CONCLUSION

For the foregoing reasons, Chugh's unopposed motion to withdraw as counsel for Plaintiffs is GRANTED. In addition, the Court GRANTS the extension of time to respond to defendant's motion to dismiss. Plaintiffs must file their response by October 21, 2011. Defendants must file their reply by October 28, 2011. However, the Court cautions that in order to avoid undue delay in the resolution of this case, it will not postpone the November 17, 2011 hearing date. If Plaintiffs fail to respond to the motion to dismiss, the Court will issue an order to show cause as to why this case should not be dismissed for failure to prosecute.

**IT IS SO ORDERED.**

Dated: October 14, 2011

_____
LUCY H. KOH
United States District Judge