1

2

3          UNITED STATES DISTRICT COURT

4          NORTHERN DISTRICT OF CALIFORNIA

5          SAN JOSE DIVISION

6   MADHVAMUNI K. DAS, GEETHA M. DAS,  )   Case No.: 10-CV-00650-LHK
                                       )
7                   Plaintiffs,        )   ORDER GRANTING MOTION TO
             v.                        )   DISMISS
8                                      )
    WMC MORTGAGE CORP.; AMERICAN       )
9   MORTGAGE NETWORK; THE CIT GROUP;   )
    FIRST AMERICAN TITLE INSURANCE     )
10  COMPANY; MERS; OLD REPUBLIC        )
    DEFAULT MANAGEMENT SERVICES;       )
11  BONAFIDE FINANCIAL; WESTWOOD       )
    ASSOCIATES; CENTRAL MORTGAGE       )
12  COMPANY; AMERICA'S SERVICING       )
    COMPANY; GMAC MORTGAGE CORP.;      )
13  DOES 1-100.                        )
                                       )
14                  Defendants.        )
                                       )
15  ───────────────────────────────────)

16          Presently before the Court is Defendant American Mortgage Network's ("AmNet") motion

17  to dismiss Plaintiffs' second amended complaint, ECF No. 116.  After considering the parties'

18  briefing and oral arguments, the Court GRANTS AmNet's motion for the reasons explained below.

19  **I. Factual Background**

20          **A. Judicial Notice**

21          A court may take judicial notice of facts that are not subject to reasonable dispute and are

22  either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of

23  accurate and ready determination by resort to resources whose accuracy cannot be reasonably

24  questioned.  Fed. R. Evid. 201(b).  The Court may consider, under the incorporation by reference

25  doctrine, documents that are connected to the loan transaction at issue, as to which AmNet makes a

26  request for judicial notice.  ECF No. 117.  For purposes of ruling on a motion to dismiss under

27  Rule 12(b)(6), the pleadings are deemed to include "documents whose contents are alleged in a

28  complaint and whose authenticity no party questions, but which are not physically attached to the

1

**United States District Court**
For the Northern District of California

pleading." *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).  The Court may also take judicial notice of matters of public record.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Defendant requests that the Court take judicial notice of: (1) Plaintiffs' Deed of Trust executed on September 13, 2006, and recorded with the Santa Clara County Recorder's Office on September 21, 2006; (2) a Notice of Default regarding Plaintiffs' loan, recorded with the Santa Clara County Recorder's Office on May 22, 2009; and (3) Notice of Trustee Sale regarding the subject property, recorded with the Santa Clara County Recorder's Office on November 25, 2009. *See* Request for Judicial Notice ("RJN"), ECF No. 117 Exs. A-C.

The Court concludes that the public documents submitted by Defendant are not subject to reasonable dispute and are proper subjects of judicial notice.  *See Karimi v. GMAC Mortg.*, No. 11–CV–00926–LHK, 2011 WL 3360017, at *1 (N.D. Cal. Aug. 2, 2011) (taking judicial notice of nearly identical documents).  Accordingly, the Court GRANTS AmNet's request for judicial notice.

### A.  Facts

On a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to [Plaintiffs]." *Facebook, Inc. v. MaxBounty, Inc.*, 274 F.R.D. 279, 282 (N.D. Cal. 2011) (citing *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996)).

Plaintiffs allege that, since 2006, they have at all times resided at 5978 Allen Avenue, San Jose, California ("the Subject Property").  SAC ¶ 8.  Plaintiffs allege they are immigrants and minorities.  SAC ¶ 8.  They further allege that AmNet is an authorized mortgage lender.  SAC ¶ 9.

Plaintiffs claim that on or about September 2006 all Defendants induced Plaintiffs to take out a home loan in the amount of $945,000.00, secured by a first deed of trust recorded against the subject property (the "Loan"), despite knowing that Plaintiffs had limited income and did not qualify for the Loan.  *See* SAC ¶¶ 19, 24, 27.  As of May 21, 2009, Plaintiffs owed $24,740.16 for "Installment of Principal and Interest plus impounds and/or advances which became due on

2

2/1/2009 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable."  RJN EX. B.[1]

Plaintiffs allege that AmNet represented to Plaintiffs in 2006, when Plaintiffs sought to refinance loans secured against the Subject Property, that AmNet would provide Plaintiffs with an affordable loan.  SAC ¶ 23.  Plaintiffs allege that AmNet represented to Plaintiffs that they would not obtain better rates anywhere and that Plaintiffs relied on these promises.  SAC ¶¶ 23, 26.  On or about September 2006, Plaintiffs executed a promissory note, a deed of trust, and other related documents to obtain the Loan.  SAC ¶ 24.  The deed of trust identified AmNet and Defendant CIT as the lenders.  *Id.*  Plaintiffs allege that the Loan was subject to a finance charge that was initially payable to AmNet and CIT.  SAC ¶ 29.  Plaintiffs allege that they did not receive all the required documents and disclosures under TILA.  SAC ¶ 32.  Plaintiffs admitted at the hearing that they did not read the loan documents when they signed them, and that the first time they reviewed the loan documents was in November 2009.

Plaintiffs allege that sometime after closing the loan, AmNet and CIT substituted Old Republic as the trustee on the deed in place and instead of AmNet and CIT.  *See* SAC ¶ 33.

Plaintiffs allege that all Defendants initiated a wrongful non-judicial foreclosure by filing a Notice of Default on May 21, 2009.  SAC ¶¶ 35, 39; RJN Ex. B.  Plaintiffs allege that all Defendants "are jointly and severally responsible for the acts of the others" because each Defendant "was the agent of the other."  SAC ¶ 40.  They further allege that each Defendant knew the other Defendants "would commit wrongful acts against Plaintiffs" and "gave substantial assistance or encouragement to the other Defendant to commit wrongful acts against Plaintiffs."  *Id.*

## II.  Procedural Background

The present motion seeks to dismiss the following eighteen claims currently being asserted against AmNet: (1) violation of TILA, 15 U.S.C. § 1601; (2) violation of California Residential Mortgage Lending Act ("CRMLA"), Cal. Fin. Code § 5001 *et seq.*; (3) violation of Cal. Civ. Code

---

[1] Plaintiffs admitted at the hearing on the motion that they have not made any payments since February 2009.

Case No.: 10-CV-00650-LHK
ORDER GRANTING MOTION TO DISMISS

1  § 1916.7(10); (4) violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691; (5)

2  violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; (6)

3  rescission under Cal. Civ. Code § 1689(b); (7) violation of the Real Estate Settlement Practices Act

4  ("RESPA"), 12 U.S.C. § 2601; (8) unconscionability under Cal. Civ. Code 1670.5(a), 1770(s); (9)

5  breach of contract; (10) breach of implied covenant of good faith and fair dealing; (12) intentional

6  infliction of emotional distress; (13) intentional misrepresentation; (14) fraudulent concealment;

7  (15) negligent misrepresentation; (18) negligence; (19) breach of fiduciary duty; and (21) quiet

8  title.[2]

9         Plaintiffs filed the original complaint in this action on February 16, 2010.  The original

10  complaint contained 22 claims, including all of the claims at issue in the instant motion and a few

11  others not at issue here.

12         On March 12, 2010, Defendants WMC and First American Title Insurance Company filed

13  separate motions to dismiss.  ECF Nos. 7, 10.  On March 25, 2010, Defendants Central Mortgage

14  Company ("CMC") and MERS filed a joint motion to dismiss.  ECF No. 11.  On March 29, 2010,

15  Defendant Bonafide Financial also filed a motion to dismiss.  ECF No. 14.  On April 9, 2010, the

16  parties stipulated to dismissing all claims against Wells Fargo, N.A., dba America's Servicing

17  Company.  ECF No. 18.  On April 20, 2010, Defendant Old Republic Default Management

18  Services joined all of the above motions to dismiss the original complaint.  Each of the motions to

19  dismiss attacked the sufficiency of the pleadings and argued that Plaintiffs' claims were time-

20  barred by the applicable statutes of limitations.  CMC and MERS's joint motion also argued that

21  Plaintiffs had not alleged equitable tolling.  ECF No. 11, at 6-7.

22         On April 30, 2010, Plaintiffs filed a First Amended Complaint ("FAC") in lieu of

23  responding to the above motions to dismiss.  ECF No. 32.  The FAC contained twenty-three

24  claims, including the sixteen claims at issue in the instant motion and seven not at issue here.

25  Plaintiffs added, among other things, allegations that equitable tolling applied to some of their

26  claims, including those under TILA, CRMLA, RESPA, and the breach of implied covenant of good

27  faith and fair dealing.  FAC ¶¶ 60 (TILA), 66 (CRMLA), 100 (RESPA), 123 (breach of implied

28

[2] The numbering of the claims tracks the numbering in the SAC.

Case No.: 10-CV-00650-LHK
ORDER GRANTING MOTION TO DISMISS

1  covenant of good faith and fair dealing). Plaintiffs then opposed Defendants' motions, arguing that

2  the original complaint was mooted by the filing of the FAC. ECF Nos. 35-39.

3       On May 12, 2010, CMC and MERS filed a joint motion to dismiss the FAC, again arguing

4  that each of the claims in the FAC either did not apply to CMC and MERS, failed to state a claim,

5  or were otherwise time-barred. ECF No. 41. On May 18, 2010, Defendant First American Title

6  Insurance Company filed a reply in support of its motion to dismiss the original complaint arguing

7  that the Plaintiffs had filed their FAC beyond the deadline without leave from the court, that the

8  original complaint was therefore the operative complaint, and consequently First American Title's

9  motion to dismiss the original complaint was not moot. ECF No. 48.

10       On June 8, 2010, Plaintiffs responded to CMC and MERS's joint motion to dismiss the

11  FAC, arguing, among other things, that CMC and MERS had failed to consider the doctrine of

12  equitable tolling. ECF No. 54, at 3-4, 15-16. On June 8, 2010, Plaintiffs filed an opposition. ECF

13  No. 54. On June 24, 2010, CMC and MERS filed a reply. ECF No. 58.

14       On October 29, 2010, Magistrate Judge Trumbull, the judge assigned to the case, granted in

15  part and denied in part CMC and MERS's motion to dismiss the FAC. ECF No. 80. Of the claims

16  at issue here, Magistrate Judge Trumbull dismissed, with leave to amend, Plaintiffs' claims for

17  quiet title and denied their claims for intentional infliction of emotional distress and negligence.

18       On November 29, 2010, Plaintiffs filed a Second Amended Complaint ("SAC"), which is

19  the operative complaint here.[3] ECF No. 82. The SAC alleged twenty-one claims. On December

20  13, 2010, CMC and MERS filed a motion to dismiss the SAC's twentieth and twenty-first claims,

21  for wrongful foreclosure and quiet title, respectively. ECF No. 86. Only the quiet title claim is at

22  issue here.

23       On December 6, 2010, the case was reassigned to Magistrate Judge Grewal for all further

24  proceedings. ECF No. 84. On June 9, 2011, the case was reassigned to the undersigned with

25  Magistrate Judge Grewal's Report and Recommendation that CMC and MERS's motion to dismiss

---

[3] The Court notes that Plaintiffs were represented by counsel from the filing of the first complaint on February 16, 2010, until October 14, 2011, when the Court granted Plaintiffs' counsel leave to withdraw. ECF No. 125. Thus, Plaintiffs were represented by counsel at the time the SAC was filed on November 29, 2010. Accordingly, the Court scrutinizes the SAC under the standard of a represented, rather than a *pro se*, litigant.

5

1   be granted.  ECF No. 107, 109.  On July 18, 2011, the Court adopted Magistrate Judge Grewal's

2   Report and Recommendation that the twentieth and twenty-first claims in the SAC be dismissed.

3   ECF No. 115.  The Court gave Plaintiffs until August 8, 2011, to amend the complaint or face

4   dismissal of these claims with prejudice.  Plaintiffs failed to amend the SAC by the deadline or

5   anytime thereafter.  Accordingly the twentieth and twenty-first claims in the SAC are DISMISSED

6   WITH PREJUDICE.

7        On August 17, 2011, AmNet filed the instant motion.  ECF No. 116.  On October 20, 2011,

8   Plaintiffs filed their opposition.  ECF No. 127.  AmNet filed its reply on October 25, 2011.  ECF

9   No. 129.

10       Following the dismissal of the twentieth and twenty-first claims, the following sixteen

11  claims remain against AmNet: (1) violation of TILA, 15 U.S.C. § 1601; (2) violation of California

12  Residential Mortgage Lending Act ("CRMLA"), Cal. Fin. Code § 5001 *et seq.*; (3) violation of Cal.

13  Civ. Code § 1916.7(10); (4) violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §

14  1691; (5) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §

15  17200; (6) rescission under Cal. Civ. Code § 1689(b); (7) violation of the Real Estate Settlement

16  Practices Act ("RESPA"), 12 U.S.C. § 2601; (8) unconscionability under Cal. Civ. Code 1670.5(a),

17  1770(s); (9) breach of contract; (10) breach of implied covenant of good faith and fair dealing; (12)

18  intentional infliction of emotional distress; (13) intentional misrepresentation; (14) fraudulent

19  concealment; (15) negligent misrepresentation; (18) negligence; and (19) breach of fiduciary duty.[4]

20  **III.  Legal Standard**

21       A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

22  sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In considering

23  whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual

24  allegations contained in the complaint.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  However,

25  the Court need not accept as true "allegations that contradict matters properly subject to judicial

26  notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or

27  unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

28

---

[4] The numbering of the claims tracks the numbering in the SAC.

Case No.: 10-CV-00650-LHK
ORDER GRANTING MOTION TO DISMISS

While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

As the Ninth Circuit has stated, "a claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint. A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 3055 (2011) (internal citations and quotations omitted).

Claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). A plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy this standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Accordingly, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). However, repeated failure to cure deficiencies in a complaint is reason enough to deny leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (same)

## IV.  Analysis

AmNet argues that all of Plaintiffs' claims against it should be dismissed with prejudice because Plaintiffs fail to plead fraud with the requisite particularity under Rule 9 of the Federal

United States District Court
For the Northern District of California

7

1    Rules of Civil Procedure; a number of claims are fatally time-barred; and Plaintiffs fail to

2    otherwise state a claim upon which relief can be granted.  The Court analyzes each of the claims

3    against AmNet in the order in which they appear in the SAC.

### A.  First Claim: TILA

5          TILA requires, among other things, disclosure of finance charges and the annual percentage

6    rate.  *See* 15 U.S.C. § 1638(a); 12 C.F.R. § 226.18 ("Regulation Z").  Lenders must provide

7    borrowers with clear and accurate disclosures, including two copies of a notice of a right to

8    rescission.  15 U.S.C. § 1635.  Violation of TILA provides borrowers with two potential forms of

9    relief: rescission and monetary damages.  *See* 15 U.S.C. §§ 1635, 1640.  If a lender fails to disclose

10   material information required by TILA, a borrower has a right to rescind within three years of

11   consummation of the loan.  *See King v. California,* 784 F.2d 910, 913 (9th Cir. 1986).  In addition,

12   a borrower has a right to monetary damages within one year of consummation of the loan.  *Id.* at

13   915.  However, "the doctrine of equitable tolling may, in the appropriate circumstances, suspend

14   the limitations period until the borrower discovers or had reasonable opportunity to discover the

15   fraud or nondisclosures that form the basis of the TILA action."  *See id.* at 915.

16         Plaintiffs have alleged or attempted to allege numerous violations of TILA and Regulation

17   Z.  Plaintiffs state that "[i]n the course of soliciting and executing the Subject Loan and/or

18   extending other consumer credit, said Creditors in numerous instances have violated the

19   requirements of TILA and Regulation Z."  SAC ¶ 55.  Plaintiffs state that "[s]aid violations include

20   but are not limited to the following" and then list violations of various requirements under

21   Regulation Z.  *Id.*  Thus, Plaintiffs provide little more than conclusory statements that these

22   sections were violated.  These conclusory allegations are not enough to support Plaintiffs' TILA

23   claim.

24         For the vast majority of the allegations under the TILA claim, "Plaintiffs do not identify

25   which Defendant allegedly violated TILA" by failing to disclose which required documents.  *Tang*

26   *v. Cal. Reconveyance Co.*, 10-CV-03333-LHK, 2010 WL 5387837, at *5 (N.D. Cal. Dec. 22,

27   2010).  The Complaint must "meet some minimum threshold in providing a defendant with notice

28

**United States District Court**
For the Northern District of California

of what it is that it allegedly did wrong." *Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Plaintiffs have not met that minimum threshold here.

Plaintiffs specifically allege that "[t]here is no evidence that Plaintiff received Lenders' early disclosures." SAC ¶ 54. Plaintiffs also allege that "Broker and Lenders failed to provide to Plaintiffs copies of their real property appraisal at or before the close of their adjustable rate home mortgage loan." SAC ¶ 56. Plaintiffs further allege that Defendants "extended credit to Plaintiffs without regard for their ability to pay and may have falsified relevant income and appraisal documents to ensure the approval of the subject loans." SAC ¶ 58. Even if these factual allegations were sufficient to state a claim under TILA, any such claim would be time-barred by the applicable statute of limitations.

Plaintiffs claim that they are entitled to both rescission of the loan as well as damages based on these TILA violations. Claims for rescission under TILA expire "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ." 15 U.S.C. § 1635(f). The three-year period is not subject to equitable tolling. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (holding that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3–year period."). Because the loan documents indicate that the loan was signed in September 2006, and Plaintiffs did not file this case until February 2010, over three years later, it is apparent from the face of the SAC that Plaintiffs' claims for rescission under TILA are time-barred. Accordingly, Plaintiffs' TILA claim for rescission is DISMISSED WITH PREJUDICE.

Damages claims under TILA have a one-year statute of limitations that runs from the date the loan documents are signed. 15 U.S.C. § 1640(e). Therefore, absent tolling, Plaintiffs' TILA damages claims expired in September 2007. Equitable tolling of TILA damages claims can extend the one-year limitations period, but such tolling is only available if "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000), *overruled on different grounds by Socop-Gonzalez v. INS*, 272 F.3d 1176, 1194 (9th Cir. 2000). Plaintiffs have alleged that the statute of limitations should be tolled because they have pled fraud and that the "statute of limitations for a

9

1  TILA claim is subject to equitable tolling upon the pleading of fraud." SAC ¶ 59.  However,

2  Plaintiffs have not alleged facts sufficient to establish that they acted with diligence to discover the

3  basis of their TILA claims, which should have been apparent at the time the loan documents were

4  signed.  Nor have they explained how the alleged fraud prevented them from discovering that the

5  required disclosures under TILA had not been made.  Accordingly, the Court finds that Plaintiffs

6  have not alleged facts sufficient to support their TILA damages claim.

7       Plaintiffs could not possibly amend their pleadings to show that equitable tolling applies

8  because the failure to disclose the appraisal would be apparent with due diligence at the time the

9  loan was executed.  Plaintiffs admitted at the hearing that they did not read the loan documents

10  until after they received the notice of trustee's sale on November 25, 2009, more than three years

11  after signing the loan documents.  Furthermore, Plaintiffs have had three opportunities, while

12  represented by counsel, to adequately plead equitable tolling.  Although neither Magistrate Judge

13  Trumbull nor Magistrate Judge Grewal reached the issue of equitable tolling, CMC and MERS's

14  motion to dismiss raised it on March 25, 2010, ECF No. 11, at 6-7, and, in apparent response,

15  Plaintiffs, through their counsel, added their insufficient equitable tolling allegations when they

16  filed their FAC on April 30, 2010.  FAC ¶¶ 60, 66, 100, 123.  Plaintiffs' SAC, also filed by

17  Plaintiffs' counsel, also fails to allege equitable tolling.  As the Supreme Court has held, repeated

18  failure to cure deficiencies in a complaint is reason enough to deny leave to amend.  *See Foman v.*

19  *Davis*, 371 U.S. 178, 182 (1962); *see also Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742

20  (9th Cir. 2008) (same).  Accordingly, Plaintiffs' TILA claim for damages is DISMISSED WITH

21  PREJUDICE.

22       **B.  Second Claim: Violation of Cal. Fin. Code § 50000, *et seq.***

23       AmNet argues that Plaintiffs' second claim under the California Residential Mortgage

24  Lending Act ("CRMLA"), Cal. Fin. Code § 5000, *et seq.*, is deficiently vague and barred by the

25  statute of limitations.

26       Plaintiffs allege that "Lenders and Broker failed to execute and provide copies of a Written

27  Loan Brokerage Agreement to Plaintiffs in violation of California Financial Code Section 50000 et

28  seq." SAC ¶ 64.  Plaintiffs further claim that the statute of limitations for this claim is subject to

10

Case No.: 10-CV-00650-LHK
ORDER GRANTING MOTION TO DISMISS

equitable tolling "upon the pleading of fraud," which Plaintiffs plead in claims fifteen through seventeen.  SAC ¶ 65.

The Court agrees with AmNet that Plaintiffs' second claim is insufficient to meet the Federal Rules of Civil Procedure's minimal notice pleading requirements because the claim does not point to which provision of the California Residential Mortgage Lending Act AmNet allegedly violated nor does the claim specify which Defendant "failed to execute and provide copies of a Written Loan Brokerage Agreement."  Thus, the Complaint does not meet the "minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."  *Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).  Vague allegations containing mere labels and conclusions are insufficient to survive a motion to dismiss.  *See Twombly*, 550 U.S. at 555.

Moreover, even if Plaintiffs' conclusory allegations were sufficient to state a claim, they would be time-barred.  This claim would be subject either to a three-year statute of limitations under Cal Code. Civ. Proc. § 338(a) for liability created by statute, or a one-year statute of limitations for a statutory penalty.  Even under the longer statute of limitations, Plaintiffs' second claim would be time-barred.  Plaintiffs have not alleged facts sufficient to establish that they acted with diligence to discover the basis of their CRMLA claim, which should have been apparent at the time the loan documents were signed.  Nor have they explained how the alleged fraud prevented them from discovering that AmNet "failed to execute and provide copies of a Written Loan Brokerage Agreement."

Accordingly, Plaintiffs' CRMLA claim is DISMISSED against AmNet.  This dismissal is with prejudice for the same reason Plaintiffs' TILA claim was dismissed with prejudice.

### C.  Third Claim: Violation of Cal. Civ. Code § 1916.7

California Civil Code section 1916.7 governs certain lending practices with regard to adjustable-rate mortgages made pursuant to the section.  Cal. Code § 1916.7(c)[5] provides that "an applicant for a loan originated pursuant to the provisions of this section must be given, at the time he or she requests an application, a disclosure notice . . . ."  Section 1916.7(c) sets forth a number of requirements for the notice.  Plaintiffs allege that "Broker and Lenders" violated this

---

[5] Plaintiffs erroneously label this section 1916.7(10)(c).

provision "by failing to provide Plaintiffs with a disclosure regarding adjustable rate mortgages." SAC ¶ 69.  Section 1916.7(b)(5)[6] provides that "[c]hanges in the rate of interest on the loan shall reflect the movement, in reference to the date of the original loan, of a periodically published index selected by the lender . . . ."  Plaintiffs claim that "Broker and Lenders" violated this provision by "restrict[ing] the downward adjustment of Plaintiffs' adjustable-rate mortgage loan regardless of the downward movement of the index."  SAC ¶ 72.  Finally, § 1916.7(b)(8)[7] provides that "[t]he borrower is permitted to prepay the loan in whole or in part without a prepayment charge at any time . . . ."  Plaintiffs claim that "Broker and Lenders violated this provision by "includ[ing] a prepayment penalty in Plaintiffs' Adjustable Rate Loan."  SAC ¶ 75.

Plaintiffs' claims under § 1916.7 fail for the following reasons.  First, Section 1916.7 applies only to mortgage loans made pursuant to it.  Cal. Civ.Code § 1916.7(b).  Plaintiffs have not alleged facts showing that section 1916.7 applied to their loan.  *Cf. Brittain v. IndyMac Bank, FSB*, 09-CV-2953-SC, 2009 WL 2997394, at *3 (N.D. Cal. Sept. 16, 2009).  Second, even if 1916.7 applied, Plaintiffs do not specify which Defendant violated which provision of 1916.7.

California Civil Code § 1916.7 appears to be subject to a three year limitations period pursuant to California Code of Civil Procedure § 338(a), for liability created by statute.  *See Manantan v. Nat'l City Mortg.*, 11-CV-00216-CW, 2011 WL 3267706, at *3 (N.D. Cal. July 28, 2011).  Plaintiffs' claims under § 1916.7 accrued at the time that the loan documents were signed and would therefore be time-barred as of September 2009.  Plaintiff did not file suit until February 2010.  Thus, Plaintiffs' claims under § 1916.7 are time-barred.

Accordingly, Plaintiffs' claim under Cal. Civ. Code § 1916.7 against AmNet is DISMISSED.  Plaintiffs have not alleged any grounds for equitable tolling of this claim, despite having three opportunities to do so, nor have they opposed AmNet's argument that this claim is time-barred.  Moreover, Plaintiffs could not possibly amend their pleadings to show that equitable tolling applies to their claims arising from the alleged failure to disclose under § 1916.7(c) and the inclusion of a prepayment penalty clause in an alleged violation of § 1916.7(b)(8), as these claims

_____

[6] Plaintiffs erroneously label this section 1916.7(10)(c)(II).
[7] Plaintiffs erroneously label this section 1916.7(a)(8).

12

1    would be apparent with due diligence at the time that the loan was executed, and Plaintiffs have

2    admitted their lack of diligence.  Thus, dismissal is without leave to amend as to these provisions.

3            However, Plaintiffs may amend their claim against AmNet under § 1916.7(b)(5).  This

4    claim is premised on AmNet's alleged failure to adjust Plaintiffs' interest rate regardless of the

5    downward movement of the index.  Thus, it is not apparent from the face of the SAC that this

6    claim is time-barred because the failure to adjust may have occurred after the loan was executed.

7    In any amended complaint, Plaintiffs must, in addition to curing the above deficiencies, allege facts

8    showing that this claim is timely.

9                      **D.  Fourth Claim: Equal Credit Opportunity Act**

10           The Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, *et seq*., prohibits

11   discrimination against an applicant for credit based on race, color, religion, national origin, sex or

12   marital status, or age.  *See* 15 U.S.C. § 1691(a).  ECOA creates a private right of action for actual,

13   compensatory and punitive damages, equitable relief, and recovery of costs, and provides a two-

14   year statute of limitations from the date of the violation.  *Id.* § 1691e(a)-(f).

15           To state a discrimination claim under ECOA, Plaintiffs must show that: (1) they were

16   members of a protected class; (2) they applied for and were qualified for the loan at issue; (3) the

17   loan was rejected despite Plaintiffs' qualifications; and (4) a creditor continued to approve loans for

18   similarly situated applicants or treated members not in the protected class more favorably.  *See*

19   *Shiplet v. Veneman*, 620 F. Supp. 2d 1203, 1232 (D. Mont. 2009).

20           Even construing the pleadings in their favor, Plaintiffs have not alleged sufficient facts to

21   establish national origin discrimination under ECOA.  Plaintiffs allege that "Lenders and Broker"

22   violated ECOA by "failing to make Plaintiffs' credit scores available to them to ensure that they

23   are offered on the same terms of credit issuance that other borrowers of equal characteristics are

24   entitled to."  SAC ¶ 78.  They further allege that "as a result of Broker and Lenders' failure to

25   disclose [Plaintiffs' credit scores], Plaintiffs were assessed higher credit charges than similarly

26   situated borrowers each time Plaintiffs made a loan payment" and thus "suffered continuing

27   discriminatory practices."  SAC ¶ 79.  Although Plaintiffs do allege that they are immigrants, SAC

28   ¶ 8, Plaintiffs have not alleged that AmNet rejected an application for a loan for which Plaintiffs

**United States District Court**
For the Northern District of California

13

1   were qualified -- a requirement to state a discrimination claim under ECOA.  To the contrary,

2   Plaintiffs admit they "did not qualify for the loan" that they actually received.  SAC ¶ 27.  It is

3   therefore unlikely that amendment could cure this deficiency.  *See Glover v. Fremont Inv. & Loan*,

4   09-CV-03922-JCS, 2009 WL 5114001, at *10 (N.D. Cal. Dec. 18, 2009) (citing *Hafiz v.

5   Greenpoint Mortg. Funding*, WL 2137393 * 4 (N.D. Cal., July 16, 2009) (Alsup, J.)).

6          Accordingly, Plaintiffs' ECOA claim against AmNet is DISMISSED WITH PREJUDICE.

7          **E.  Fifth Claim: Violation of the UCL**

8          AmNet argues that Plaintiffs' UCL claim under Cal. Bus. & Prof. Code § 17200 is

9   conclusory and meritless.  AmNet argues that Plaintiffs' UCL claim, which centers around

10  AmNet's verification of Plaintiffs' income and approving Plaintiffs for a loan they could not

11  afford, cannot state a claim under the UCL because this conduct is lawful and consequently not

12  unfair.  Moreover, AmNet argues that the relief Plaintiffs seek -- actual and punitive damages --

13  cannot be recovered under the UCL, which limits relief to equitable relief.

14         Plaintiffs allege that "Broker and Lenders" committed "unlawful, unfair and/or fraudulent

15  business practices . . . by engaging in unlawful, unfair, and fraudulent business practices."  SAC ¶

16  82.  Plaintiffs allege these unlawful, unfair, and fraudulent business practices include but are not

17  limited to "predatory lending practices."  SAC ¶ 82.  Plaintiffs list 28 practices in conclusory form

18  without specifying which Defendants committed which alleged predatory practice.  *See* SAC ¶¶

19  82(a)-(bb).  Plaintiffs also allege that "Broker and Lenders' practice" violate "TILA Section 226.34

20  by failing to carefully consider consumers [stet] ability and by failing to make the appropriate

21  disclosures under TILA and the Real Estate Settlement Practices Act."  SAC ¶ 83.

22         "The UCL prohibits unfair competition, which it broadly defines as including any unlawful,

23  unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading

24  advertising."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) (quoting Cal. Bus. &

25  Prof.Code § 17200).  "Each prong of the UCL is a separate and distinct theory of liability . . . ."  *Id.*

26  (citing *South Bay Chevrolet v. GMAC*, 72 Cal. App. 4th 861 (1999)).

27         Presumably, Plaintiffs intend to state a claim under the "unlawful" prong of the UCL based

28  on the alleged TILA and RESPA violations.  *See* SAC ¶¶ 82(m), (t), (aa), (bb), ¶83 (alleging failure

14

**United States District Court**
For the Northern District of California

to disclose).  Plaintiffs cannot state a claim for a UCL violation based on violations of TILA and RESPA for the same reasons that Plaintiffs' underlying TILA and RESPA claims are invalid. Plaintiffs have not provided sufficient factual allegations to support their TILA or RESPA claims, and it appears that these claims are time-barred.  *See Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1007 n. 3 (9th Cir. 2008) (holding that plaintiffs may not extend the TILA statute of limitations by pleading a UCL claim based on a time-barred TILA claim).

To the extent that Plaintiffs plead their UCL claim under the "unfair" prong, the Court finds that practices a through k, n through o, q though s, u, w, and v, relate to AmNet's alleged failure to properly verify Plaintiffs' income and approving Plaintiffs for a loan they could not afford. Although AmNet cites *Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429, 436 (Cal. Ct. App. 2010), a California Court of Appeals case based on fraudulent misrepresentation, rather than on the UCL, the Court finds the California court's reasoning instructive here:

> A lender owes no duty of care to the borrowers in approving their loan.  A lender is under no duty to determine the borrower's ability to repay the loan.  The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's.

Thus, the Court finds that these alleged practices are insufficient to state a claim under the unfair prong.  *See Kurek v. Am.'s Wholesale Lender*, 10-CV-2155-BZ, 2011 WL 3240482, at *3 (N.D. Cal. July 28, 2011) (citing *Perlas* for proposition that "lenders do not owe borrowers a duty of care during the loan qualification process because it is an arm's length transaction" and finding that similar practices did not violate unfair prong of the UCL).

The remaining practices fair no better under the unfair prong because Plaintiffs do not allege that they suffered any injury in fact and have lost money or property as a result, as required for standing under the UCL.  Cal. Bus. & Prof. Code § 17204.

To the extent Plaintiffs allege a violation of the "fraudulent" prong of the UCL, Plaintiffs' allegations do not satisfy the heightened pleading requirements of Rule 9(b).  *See Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1004 (N.D. Cal. 2009) ("While fraud is not a necessary element of a successful UCL claim, when fraud is alleged, the heightened pleading standard of Rule 9(b) applies.") (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)).

15

United States District Court
For the Northern District of California

1   Under Rule 9(b), claims sounding in fraud must allege "an account of the time, place, and specific

2   content of the false representations as well as the identities of the parties to the misrepresentations."

3   *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  The SAC contains only general

4   allegations that "Broker and Lenders" engaged in certain "predatory lending practices."  SAC ¶ 82.

5   Plaintiffs do not state when any alleged misrepresentations were made, nor do they identify, even

6   by title or description, the person or persons who made the representations, let alone which

7   Defendant is charged with what misconduct.  Because these claims fail to allege "the who, what,

8   when, where, and how of the misconduct charged," *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,

9   1106 (9th Cir.2003) (quotation marks and citation omitted), they do not satisfy the heightened

10  particularity requirement of Rule 9(b) and must be dismissed.

11          Accordingly, Plaintiffs' UCL claims against AmNet are DISMISSED.  To the extent

12  Plaintiffs' unlawful prong claims are based on violations of RESPA and TILA, these claims are

13  DISMISSED WITH PREJUDICE for the reasons set forth in sections IV(A) and IV(F) of this

14  Order.  To the extent Plaintiffs' UCL claims relate to AmNet's alleged failure to properly verify

15  Plaintiffs' income and approving Plaintiffs for a loan they could not afford, these claims are

16  DISMISSED WITH PREJUDICE because amendment would be futile given that this conduct

17  cannot form the basis of a UCL claim.  *Perlas*, 187 Cal. App. 4th at 436.  In any amended

18  complaint, Plaintiffs must state which prong of the UCL was violated by which Defendant

19  committing which alleged misconduct.  Any allegations under the fraudulent prong must comply

20  with Federal Rule of Civil Procedure 9(b).  Finally, Plaintiffs may not seek actual or punitive

21  damages in any amended claim under the UCL because the available remedies under the UCL are

22  limited to injunctive relief and restitution.  *Korea Supply Co. v. Lohckeed Martin Corp.*, 29 Cal. 4th

23  1134, 1144-45 (2003).

24          **F.  Sixth Claim: Rescission Under Cal. Civ. Code § 1689(b)**

25          Cal. Civ. Code 1689(b)(1) allows rescission of a contract "if the consent of the party

26  rescinding . . . was given by mistake, or obtained through duress, menace, fraud, or undue

27  influence."

28

16

United States District Court
For the Northern District of California

Plaintiffs allege that AmNet's "failures to disclose critical loan terms . . . induced Plaintiffs' consent to enter into the Subject Loan agreements by fraud." SAC ¶ 87. These claims fail for the same reasons that Plaintiffs' claims under the fraudulent prong of the UCL fail. That is, Plaintiffs have failed to allege the who, what, when, where, and how of the misconduct charged, as required for claims sounding in fraud. *See* Fed. R. Civ. P. 9(b).

Cal. Civ. Code § 1691 requires the rescinding party to "restore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise, unless the latter is unable or positively refuses to do so." Thus, to state a valid claim for rescission, Plaintiffs "must at least allege that [they] ha[ve] offered to tender to support a claim for equitable rescission under section 1691." *See Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 880 (N.D. Cal. 2010); *see also Periguerra v. Meridas Capital, Inc.*, 09-CV-4748-SBA, 2010 WL 395932, at *3 (N.D. Cal. Feb. 1, 2010) ("Unless and until they properly allege a willingness to tender, Plaintiffs cannot seek rescission of the loan or Deed of Trust."). Plaintiffs have not done so. Plaintiffs have therefore not adequately pled a claim for state law rescission.

Accordingly, Plaintiffs' rescission claim under Cal. Civ. Code § 1689(b) against AmNet is DISMISSED WITHOUT PREJUDICE. Any amended claim must comply with Federal Rule of Civil Procedure 9 and allege that Plaintiffs have offered to tender.

### G. Seventh Claim: RESPA

RESPA creates a private right of action for only three types of wrongful acts: (1) payment of a kickback and unearned fees for real estate settlement services, 12 U.S.C. § 2607(a), (b); (2) requiring a buyer to use a title insurer selected by the seller, 12 U.S.C. § 2608(b); and (3) the failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified written request for information about a loan, 12 U.S.C. § 2605(f). *Patague v. Wells Fargo Bank, N.A.*, No. 10-CV-03460-SBA, 2010 WL 4695480, at *3 (N.D. Cal. Nov.8, 2010). Claims brought under § 2607 or 2608 are subject to a one-year statute of limitation, while claims under § 2605 are governed by a three-year statute of limitations, which commence to run when the violation occurs. 12 U.S.C. § 2614.

1     Without citing any specific statutory provision, Plaintiffs alleges that "Broker and Lenders"

2     violated RESPA by: (1) "at the time of closing the Subject Loan by failing to properly and

3     accurately comply with the disclosure requirements"; (2) "failing to inform Plaintiffs of their intent

4     to transfer the servicing of the loan or to advise of the loan transfer within the requisite time

5     period"; (3) "fail[ing] to disclose all affiliated business arrangements to Plaintiffs"; and (4 )

6     "fail[ing] to provide Plaintiffs with a HUD-1 statement at closing."  SAC ¶ 96-98.  Plaintiffs

7     provide no other detail regarding what provisions of RESPA were violated or what act by AmNet

8     violated RESPA.  Given the scant information provided, Plaintiff has failed to adequately allege

9     RESPA claims.

10     Moreover, even assuming these four allegations were properly pled, they would all fail to

11     state a claim upon which relief could be granted.  Plaintiffs have failed to allege the AmNet was a

12     loan servicer subject to liability under 12 U.S.C. 2605(f).  Failure to disclose an affiliated business

13     arrangement is not an independent cause of action in the absence of allegations of kickback and

14     referral fees.  *Washington v. Nat'l City Mortg. Co.*, 10-CV-5042-SBA, 2011 WL 1842836, at *8

15     (N.D. Cal. May 16, 2011).  Finally, the obligation to provide a borrower with a HUD–1 statement

16     arises from 12 U.S.C. § 2603, which does not create a private right of action.  *Martinez v. Wells*

17     *Fargo Home Mortgage, Inc.*, 598 F.3d 549, 557 (9th Cir. 2010); *see also iBloom v. Martin*, 865 F.

18     Supp. 1377, 1385 (N.D. Cal. 1994), *aff'd*, 77 F.3d 318 (9th Cir. 1996).

19     Moreover, the claim arising out of the failure to comply with the disclosure requirements,

20     which accrued at closing, would be time-barred under the three-year statute of limitations as of

21     2009.  Plaintiffs allege that their RESPA claim is subject to equitable tolling given their pleading of

22     fraud in the fifteenth through seventeenth causes of action.  As with their TILA claims, however,

23     Plaintiffs do not allege any diligence on their part that might potentially extend the statute of

24     limitations through equitable tolling.  *Avila v. Countrywide Home Loans, Inc.*, 10-CV-05485-LHK,

25     2011 WL 1192999, at *3 (N.D. Cal. Mar. 29, 2011).  Moreover, Plaintiffs make no effort to tie

26     their allegations of fraud (which are, in any event, insufficient as to AmNet, as discussed below) to

27     the alleged RESPA violations, or to explain why the alleged fraud made it impossible for them to

28

18

bring their RESPA claims timely.  *Powell v. GMAC Mortg. LLC*, 09-CV-04928-LHK, 2010 WL 4502705, at *5 (N.D. Cal. Nov. 1, 2010).

Accordingly, Plaintiffs' RESPA claim against AmNet is DISMISSED.  Plaintiffs' claims arising out of Defendants' alleged failure to "inform Plaintiffs of their intent to transfer the servicing of the loan or to advise of the loan transfer within the requisite time period" may be amended to cure the deficiencies noted above.  All other claims under RESPA are DISMISSED WITH PREJUDICE for the same reason that the Court dismisses Plaintiffs' TILA claims with prejudice.

### H.  Eighth Claim: Unconscionability Under Cal. Civ. Code §§ 1670.5(a), 1770(s)

Plaintiffs allege that Borrower and Lenders' failure to "disclose material terms combined with Lenders' superior bargaining power at the time the Subject Loan agreements were made render the Subject Loan agreements unconscionable."  SAC ¶ 104.  Plaintiffs further allege that the "adjustable rate mortgage agreement between Plaintiffs and Broker and Lenders is unconscionable and should not be enforced by the Court because Plaintiffs are informed and believe that Broker and Lenders have engaged in predatory lending practices . . . ."  SAC ¶ 105.

As AmNet correctly point out, unconscionability under Cal. Civ. Code § 1670.5 is not an affirmative claim, but merely a defense to the enforcement of a contract.  *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1037 (N.D. Cal. 2010) (citing *Dean Witter Reynolds, Inc. v. Superior Court*, 211 Cal. App. 3d 758, 766 (1989)).  The claim is therefore without merit, and amendment is futile.  Accordingly, Plaintiffs' claims against AmNet for unconscionability are DISMISSED WITH PREJUDICE.

### I.  Ninth & Tenth Claims: Breach of Contract and Implied Covenant of Good Faith and Fair Dealing

Plaintiffs allege that "Broker and Lenders breached their agreement by, among other things, failing to provide Plaintiffs with required disclosures."  SAC ¶ 110.

A breach of contract claim requires that a plaintiff plead facts establishing: "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach."  *Armstrong Petroleum Corp. v. Tri–Valley Oil &*

19

*Gas Co.*, 116 Cal. App. 4th 1375, 1391 n.6 (2004) (citation omitted).  Plaintiffs have not alleged the existence of any contract other than the loan agreement.  Plaintiffs have not alleged what disclosures *AmNet* was contractually bound to make under the loan agreement or that AmNet failed to make any particular disclosure required by the loan agreement.  Moreover, Plaintiffs appear to concede non-performance without alleging that their non-performance was excused.  *See* SAC ¶ 119-120 ("Defendants, beyond failing to cooperate with Plaintiffs' performance, instead intended for or anticipated Plaintiffs' non-performance.  Brokers and Lenders, in bad faith, entered the Subject Loan in anticipation of non-performance and foreclosure.").  Thus, Plaintiffs have failed to state a contract claim.

California law recognizes that "every contract contains an implied covenant of good faith and fair dealing that neither party will do anything which will injure the right of the other to receive the benefits of the agreement."  *Wolf v. Walt Disney Pictures and Television*, 162 Cal. App. 4th 1107, 1120 (Cal. Ct. App. 2008).  The scope of the implied covenant is "circumscribed by the purposes and express terms of the contract," *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342 (1992), and it "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement."  *Agosta v. Astor*, 120 Cal. App. 4th 596, 607 (Cal. Ct. App. 2004).  Plaintiffs allege that "Broker and Lenders breached the implied covenant of good faith and fair dealing by: (1) "failing to disclose key terms, including but not limited to the nature of the adjustable interest rate"; (2) "failing to reasonably evaluate Plaintiffs' ability to pay or perform"; and (3) "providing Plaintiffs the Subject Loan with knowledge of Plaintiffs' inability to perform."  SAC ¶ 118.  This claim fails for the same reason the contract claim fails above.  Plaintiffs have not alleged the existence of any contract other than the loan agreement.  Plaintiffs have not stated that any of these alleged contractual duties were incorporated into the specific terms of the loan agreement.  Accordingly, Plaintiffs have failed to state a claim under the implied covenant of good faith and fair dealing.

Thus, Plaintiffs' ninth and tenth claims against AmNet are DISMISSED WITHOUT PREJUDICE.

### J.  Twelfth Claim: Intentional Infliction of Emotional Distress

Case No.: 10-CV-00650-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
For the Northern District of California

1    The elements of a cause of action for intentional infliction of emotional distress are: (1)

2    extreme and outrageous conduct by the defendant with the intention of causing, or reckless

3    disregard for the probability of causing, emotional distress; (2) the plaintiff's suffering severe or

4    extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the

5    defendant's outrageous conduct.  *See Cervantez v. J.C. Penney Co.*, 24 Cal.3d 579, 593 (1979).

6    "For [c]onduct to be outrageous, [it] must be so extreme as to exceed all bounds of that usually

7    tolerated in a civilized community."  *Id.*

8    Plaintiffs merely allege that Defendants "recklessly failed to evaluate Plaintiffs' ability to

9    repay the Subject Loan with an intention to profit from Plaintiffs' default" and that "[s]uch conduct

10   is extreme and outrageous."  SAC ¶ 133.  Thus, Plaintiffs' SAC includes no allegations as to

11   conduct specific to AmNet, making it impossible to discern whether AmNet's conduct was so

12   extreme as to exceed all bounds tolerated in a civilized society.  Furthermore, the Notice of

13   Default, RJN Ex. B, which "unlawfully initiated non-judicial foreclosure proceedings against

14   Plaintiffs, SAC ¶ 35, was requested by Defendant Old Republic.  Plaintiffs have not alleged that

15   AmNet participated in the initiation of foreclosure proceedings.  The initiation of foreclosure

16   proceedings is what allegedly resulted in Plaintiffs' sustaining extreme emotional distress.  SAC ¶

17   132.  Thus, Plaintiffs have failed to allege that AmNet proximately caused the emotional distress

18   resulting from the judicial foreclosure.  Accordingly, Plaintiffs have failed to state a claim of

19   intentional infliction of emotional distress against AmNet.

20   Furthermore, any cause of action for intentional infliction of emotional distress against

21   AmNet is time-barred by the relevant two-year statute of limitations.  Cal. Code Civ. Proc. § 335.1;

22   *Pugliese v. Superior Court*, 146 Cal. App. 4th 1444, 1450 (Cal. Ct. App. 2007).  A claim accrues

23   when the plaintiff knows or has reason to know of the injury which is the basis of the action."

24   *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004).  Because Plaintiffs' intentional infliction

25   of emotional distress claim against AmNet arises out of AmNet's conduct in evaluating the

26   Plaintiffs' qualifications for the loan, the claim accrued in September 2006, and the statute of

27   limitations ran in September 2007.  Although Magistrate Judge Trumbull denied CMC's and

28   MERS's joint motion to dismiss as to Plaintiffs' intentional infliction of emotional distress claim in

21

United States District Court
For the Northern District of California

the FAC, these Defendants, unlike AmNet, were allegedly involved in the initiation of foreclosure proceedings in May 2009, and therefore Magistrate Judge Trumbull was not presented with the statute of limitations issues presented here.

Accordingly, Plaintiffs have failed to state a claim of intentional infliction of emotional distress against AmNet, and, even if they had, such a claim would be time-barred. Thus, this claim is DISMISSED. Moreover, because Plaintiffs have not alleged equitable tolling, despite having three opportunities to do so, Plaintiffs' intentional infliction of emotional distress claim against AmNet is DISMISSED WITH PREJUDICE.

### K. Thirteenth, Fourteenth & Fifteenth Claim: Intentional Misrepresentation, Fraudulent Concealment, and Negligent Misrepresentation

Plaintiffs allege three fraud based claims: intentional misrepresentation, fraudulent concealment, and negligent misrepresentation. All of these claims are subject to the heightened pleading requirements pursuant to Federal Rule of Civil Procedure 9(b). *DeLeon v. Wells Fargo Bank, N.A.*, 10-CV-01390-LHK, 2010 WL 428500, at *4 (N.D. Cal. Oct. 22, 2010); *Rosal v. First Fed. Bank of California*, 671 F. Supp. 2d 1111, 1132 (N.D. Cal. 2009).

None of Plaintiffs' fraud based claims satisfy the heightened pleading requirements of Rule 9(b). Plaintiffs merely state that "Broker and Lenders have made several representations to Plaintiffs regarding material facts concerning the Subject Loan and the subject property," SAC ¶¶ 139, 159, without alleging what the representations were. Plaintiffs further allege that "Broker and Lenders furthermore fraudulently and with intent concealed and omitted key terms of the Subject Loan agreement, including but not limited to the nature of the adjustable interest rate." SAC ¶¶ 139, 150. Although unclear, it appears that Plaintiffs' fraud-based failure to disclose claims are premised on the same failure to disclose that forms the basis of Plaintiffs' invalid TILA and RESPA claims. In all three of these fraud-based claims, Plaintiffs have pled vague and conclusory allegations against AmNet without any information as to "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.2003). Plaintiffs, for instance, did not plead with the requisite particularity the name of the AmNet employee who concealed material facts or made "several representations." As such, Plaintiffs have

22

failed to sufficiently allege the circumstances constituting the alleged fraudulent concealment to give AmNet adequate notice of the particular misconduct so it can defend against the charge. *See* Fed. R. Civ. P. 9(b).

Second, these claims are time-barred because Plaintiffs commenced the instant action more than three years after signing their loan documents in September 2006. The applicable statute of limitations governing a fraud cause of action is Cal. Code Civ. Proc. § 338(d), which provides a three year statute of limitations for bringing "an action on the ground of fraud or mistake." Cal. Code Civ. Proc. § 338(d). Plaintiffs have failed to allege equitable tolling, despite having three opportunities to do so, because they have failed to allege that "despite all due diligence" they "were unable to obtain vital information bearing on the existence of [their] claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000).

Accordingly, Plaintiffs' claims of intentional misrepresentation, fraudulent concealment, and negligent misrepresentation against AmNet are DISMISSED WITH PREJUDICE.

### L.  Eighteenth & Nineteenth Claims: Negligence & Breach of Fiduciary Duty

To state a claim for negligence, a plaintiff must plead that: (a) defendant had a legal duty to use due care; (b) defendant breached that duty; and (c) the breach was the proximate cause of the resulting injury. *Ladd v. Cty. of San Mateo*, 12 Cal. 4th 913, 917 (1996).

Plaintiffs' negligence claim states only that "Broker and Lenders, knowing Plaintiffs did not have the financial means to ultimately make monthly payments in connection with the Subject Loan, nevertheless offered the loan to Plaintiffs." SAC ¶ 185. Plaintiffs further allege that Broker and Lenders "further breached [their duty of care] by failing to disclose to Plaintiffs, as required by federal law and state law, all adverse consequences of the Subject Loan, by securing an undisclosed profit for the sale and servicing of the Subject Loan in violation of TILA and RESPA, among other statutes, and by engaging in unfair business practices." SAC ¶ 185. Plaintiffs' breach of fiduciary duty claim tracks these allegations. *See* SAC ¶ 193.

As a general rule, a financial institution owes no duty of care to a borrower unless it "actively participates in the financed enterprise beyond the domain of the usual money lender." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1096 (1991). Thus, if

United States District Court
For the Northern District of California

1  Plaintiffs wish to pursue a claim of negligence, they must allege sufficient facts to allow the Court

2  reasonably to infer that AmNet actively participated in origination of the loan beyond the domain

3  of the usual money lender.  Plaintiffs' pleadings are insufficient to support such an inference, and

4  Plaintiffs' SAC therefore fails to state a claim for negligence.

5  While California law imposes a fiduciary duty on mortgage brokers, no such duty is

6  imposed on lenders.  *Shepherd v. Am. Home Mortg. Servs., Inc.*, No. 2:09-1916 WBS GGH, 2009

7  WL 4505925, at *2 (E.D. Cal. 2009) (citing *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476,

8  (1989)).  Thus, AmNet, as a lender, SAC ¶ 24, had no fiduciary duty to Plaintiffs.  Therefore,

9  Plaintiffs claim for breach of fiduciary duty fails.

10  To the extent that Plaintiffs allege AmNet's duties arose out of TILA, RESPA, and the

11  UCL, the Court has already found that Plaintiffs have failed to state a claim under these statutes.

12  Any breach of duty arising out of these statutes similarly fails.

13  Given that AmNet is listed as a lender on the deed of trust, RJN Ex. A, at 1, and Plaintiffs

14  have alleged that AmNet was a lender, SAC ¶ 24, the Court finds it impossible that Plaintiffs

15  would be able to cure the above defects in these claims.  Accordingly, Plaintiffs' negligence and

16  breach of fiduciary duty claims against AmNet are DISMISSED WITH PREJUDICE.

17  **V.  Conclusion**

18  For the foregoing reasons, the Court GRANTS AmNet's motion to dismiss.[8]

19  Plaintiffs may amend their claims against AmNet under Cal. Civ. Code § 1916.7(b)(5), the

20  UCL, contract, and breach of the covenant of good faith and fair dealing, as instructed above.  All

21  other claims against AmNet are DISMISSED WITH PREJUDICE.  Plaintiff must file any

22  amended complaint within 21 days of this Order and may not add any new claims or parties unless

23  by stipulation of all Defendants.

24

25  [8] On November 14, 2011, Plaintiffs filed a motion to strike portions of AmNet's reply.  ECF No.

26  132.  The motion to strike alleges that the allegations in AmNet's reply "are insufficient to support claims, Redundant, Immaterial, Impertinent and a SHAM PLEADING against Plaintiffs intended

27  to waste this Courts time and should be stricken."  *Id.* at 2.  Plaintiffs do not point the Court to any portions of AmNet's reply that fits this description.  Moreover, the Court has reviewed AmNet's

28  reply and finds that Plaintiffs' allegations are baseless.  Accordingly, Plaintiffs' motion to strike is DENIED.

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs filed this suit on February 16, 2010.  Under Federal Rule of Civil Procedure 4(m), Plaintiffs were required to have served all defendants by June 16, 2010.  Plaintiffs have not yet served Defendant GMAC Mortgage Corp.  If Plaintiffs do not file proof of service of process on GMAC Mortgage Corp. within 30 days of this Order, all claims against GMAC shall be dismissed without prejudice for failure to prosecute.

**IT IS SO ORDERED.**

Dated: November 28, 2011

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No.: 10-CV-00650-LHK
ORDER GRANTING MOTION TO DISMISS