UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MADHVAMUNI K. DAS; GEETHA M. DAS, <br><br> Plaintiffs, <br> v. <br><br> WMC MORTGAGE CORP.; AMERICAN MORTGAGE NETWORK; THE CIT GROUP; FIRST AMERICAN TITLE INSURANCE COMPANY; MERS; OLD REPUBLIC DEFAULT MANAGEMENT SERVICES; BONAFIDE FINANCIAL; WESTWOOD ASSOCIATES; CENTRAL MORTGAGE COMPANY; AMERICA'S SERVICING COMPANY; GMAC MORTGAGE CORP.; DOES 1-100. <br><br> Defendants. | Case No.: 10-CV-00650-LHK <br><br> ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

Before the Court are Defendants American Mortgage Network's ("AmNet") and Bonafide Financial's ("Bonafide") motions to dismiss Plaintiffs' third amended complaint. ECF Nos. 145, 155. Pursuant to Civil Local Rule 7-1(b), the Court finds these motions appropriate for determination without oral argument. Having considered the parties' briefing, the record, and the relevant law, the Court GRANTS Defendants' motions to dismiss for the reasons explained below.

**I.      Procedural and Factual History**

The factual and procedural history are set forth in detail in the Court's November 28, 2011 Order granting AmNet's motion to dismiss Plaintiffs' second amended complaint ("Nov. 28, 2011 Order"). ECF No. 134. The Court discusses additional factual allegations made in the third

1

amended complaint, as necessary, in the analysis of Plaintiffs' claims. Since November 28, 2011, the following events have taken place:

Attorney Andrew L. Younkins made an appearance as counsel for Plaintiffs on December 1, 2011, and has continuously represented Plaintiffs since that time. ECF No. 137. On December 19, 2011, Plaintiffs filed their third amended complaint ("TAC"). ECF No. 144. AmNet filed a motion to dismiss Plaintiffs' TAC ("AmNet's Mot.") and a request for judicial notice on December 30, 2011. ECF No. 145, 146. Plaintiffs opposed AmNet's motion on January 12, 2012 (Opp'n to AmNet's Mot."). ECF No. 151. On March 5, 2012, AmNet filed its reply ("AmNet's Reply"). ECF No. 159.

On December 7, 2011, the Court held a case management conference, during which it ordered Bonafide to retain counsel by January 16, 2012. ECF No. 142. On January 18, 2012, the Court approved the substitution of Timothy A. Pupach as Bonafide's counsel. ECF No. 154. On March 1, 2012, Bonafide filed its motion to dismiss Plaintiffs' TAC ("Bonafide's Mot."). ECF No. 155. On March 15, 2012, Plaintiffs opposed Bonafide's motion ("Opp'n to Bonafide's Mot."). ECF No. 160. On March 22, 2012, Bonafide filed its reply ("Bonafide's Reply"). ECF No. 162.

On December 17, 2011, the parties stipulated that Defendant Old Republic Default Management Services ("Old Republic"), a party with Non-Monetary Status under Cal. Civ. Code § 2924*l*(d), would not be required, among other things, to participate any further in the action or to file any response to the complaint. ECF No. 143. On January 10, 2012, the Court dismissed Plaintiffs' claims against Defendants GMAC Mortgage Corp. ("GMAC") and the CIT Group ("CIT") for failure to prosecute. ECF No. 149 (citing Fed. R. Civ. P. 4(m)). Plaintiffs also voluntarily dismissed Defendant America's Servicing Company on January 12, 2012. ECF No. 150.

Plaintiffs' TAC currently asserts fourteen claims against five defendants: AmNet; MERS; Old Republic; Bonafide; and Central Mortgage Company ("CMC") (collectively, "Remaining Defendants"). Plaintiffs assert three federal claims under the following statutes: (1) the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601; (2) the Equal Credit Opportunity Act ("ECOA"), 15

U.S.C. § 1591; and (3) the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2601. The eleven remaining claims are statutory and common law claims under California law.

## II. Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

As the Ninth Circuit has stated, "a claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). A "complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 3055 (2011) (internal citations and quotations omitted).

In the Ninth Circuit, a district court may *sua sponte* dismiss with prejudice claims against a defendant that has not appeared, on the basis of arguments made by another defendant that has appeared. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008); *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants."). Moreover, a "district court

3

may *sua sponte* dismiss a complaint as untimely so long as the defendant has not waived the defense." *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993); *accord Shoop v. Deutsche Bank Nat. Trust Co.*, 10-16440, 2012 WL 32137, at *1 (9th Cir. Jan. 6, 2012) (affirming *sua sponte* dismissal of untimely TILA claim).

Finally, if a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). A court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (repeated failure to cure deficiencies by previous amendment sufficient to deny leave to amend).

### III.   Analysis

As an initial matter, Plaintiffs' asserted bases for jurisdiction are "20 U.S.C. Section 1331 and 1367, 18 U.S.C. Section 1964(c) and 15 U.S.C. Section 1640(e)." TAC ¶ 1. 18 U.S.C. § 1964(c), which gives federal district courts jurisdiction over Racketeer Influenced and Corrupt Organizations Act ("RICO") claims, does not apply here, because Plaintiffs' TAC does not allege any RICO claim. 15 U.S.C. § 1640(e) gives this Court jurisdiction over Plaintiffs' TILA claim. 15 U.S.C. § 1640(e) ("Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction . . . ."). Although Plaintiffs cite 20 U.S.C. § 1331, the Court presumes that Plaintiffs intended to cite 28 U.S.C. § 1331, which gives this Court "original jurisdiction of all civil actions arising under the . . . laws of the United States." Accordingly, the Court has original jurisdiction over this action based on Plaintiffs' federal claims under TILA, ECOA, and RESPA.

Although Plaintiffs cite 20 U.S.C. § 1367, the Court also presumes that Plaintiffs intended to cite 28 U.S.C. § 1367(a), which provides that: "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other

4

Case No.: 10-CV-00650-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Plaintiffs allege that their "additional claims under California law . . . all arise out of the same controversy and sequence of events." TAC ¶ 1. Therefore, the Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a). However, the Court "may decline to exercise supplemental jurisdiction" over Plaintiffs' state law claims if the Court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

Thus, the Court addresses Plaintiffs' federal claims first. As explained below, the Court dismisses all of Plaintiffs' federal claims with prejudice. Accordingly, pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.

### A. Truth in Lending Act

Plaintiffs' TAC asserts a TILA claim against CIT and Bonafide. TAC 7. However, as discussed above, the Court dismissed CIT from this action, in response to Plaintiffs' failure to prosecute pursuant to Fed. R. Civ. P. 4(m). ECF No. 149. Thus, for purposes of this motion, Plaintiffs' TILA claim is asserted only against Bonafide. Bonafide moves to dismiss Plaintiffs' TILA claim on the ground that it is time-barred and that the facts pled are insufficient to meet Fed. R. Civ. P. 8's notice requirements. *See* Bonafide's Mot. 8-9. As discussed below, the Court agrees with Bonafide that this claim is time-barred. Therefore, the Court need not reach whether Plaintiffs plead sufficient facts to state a valid TILA claim.

Plaintiffs have asserted their TILA claim since filing this lawsuit on February 16, 2010. *See* Compl. 9, ECF No. 1; FAC 10-16, ECF No. 32; SAC 8, ECF No. 82. The Remaining Defendants have all raised the defense that Plaintiffs' TILA claim is time-barred, either in answers or in motions to dismiss prior complaints. *See* ECF No. 7, at 4-7; ECF No. 11, at 5; ECF No. 22; ECF No. 52, at 34; ECF No. 116, at 2; ECF 119, at 35. Indeed, CMC and MERS raised the statute of limitations defense as early as March 25, 2010. ECF No. 11. However, the Court's November 28, 2011 Order granting AmNet's motion to dismiss Plaintiffs' SAC was the first court order in this case addressing the timeliness of Plaintiffs' TILA claim.[1]

---

[1] This case was reassigned to the undersigned judge on June 9, 2011.

In its November 28, 2011 Order, the Court dismissed Plaintiffs' claim for rescission and damages under TILA on a number of grounds, one of which was that the claim is time-barred. Nov. 28, 2011 Order 9-10. This dismissal was with prejudice as to AmNet. In amending their allegations, Plaintiffs have made no changes to their TILA claim other than dropping Defendant AmNet from the cause of action's subheading. *See generally*, TAC ¶¶ 42-46; *see id*. ¶ 52 (continuing to refer to the alleged wrongdoing of AmNet). Plaintiffs have alleged no additional facts to show that equitable tolling applies to this claim. Indeed, the only paragraph in the TAC where Plaintiffs plead that equitable tolling applies to their TILA claim is identical, verbatim, to the paragraph in the SAC the Court found unpersuasive in its November 28, 2011 Order. *Compare* TAC ¶ 59, *with* SAC ¶ 59. As with their SAC, Plaintiffs have failed to "allege[] facts sufficient to establish that they acted with diligence to discover the basis of their TILA claims," and are thus not entitled to equitable tolling. Nov. 28, 2011 Order 10.

As the Court noted in its November 28, 2011 Order, Plaintiffs could not possibly amend their pleadings to show that equitable tolling applies because the failure to disclose the appraisal would be apparent with due diligence at the time the loan was executed in September 2006. Plaintiffs admitted at the November 17, 2011 hearing on AmNet's motion to dismiss that Plaintiffs did not read the loan documents until after they received the notice of trustee's sale on November 25, 2009, more than three years after signing the loan documents. Tr. 13:21-14:1, ECF No. 152. Furthermore, Plaintiffs have now had four opportunities, while represented by counsel, to adequately plead equitable tolling. Although neither Magistrate Judge Trumbull nor Magistrate Judge Grewal reached the issue of equitable tolling in their prior orders, CMC and MERS's motion to dismiss raised it on March 25, 2010, ECF No. 11, at 6-7. In apparent response, Plaintiffs, through their counsel, added their insufficient equitable tolling allegations when they filed their FAC on April 30, 2010. FAC ¶¶ 60, 66, 100, 123. Plaintiffs' SAC, filed on November 29, 2010, by Plaintiffs' counsel at the time, similarly failed to allege equitable tolling. Despite having additional guidance from the Court's November 28, 2011 Order, Plaintiffs' TAC made no additional allegations to support equitable tolling. Thus, the Court declines to give Plaintiffs further leave to amend because it would be futile. Plaintiffs have repeatedly failed to cure the

6

deficiencies in their TILA claim, despite having multiple opportunities to do so. *Carvalho*, 629 F.3d at 892-93. Accordingly, Plaintiffs' TILA claim for damages against Bonafide is DISMISSED WITH PREJUDICE.

### B. Equal Credit Opportunity Act

Plaintiffs' TAC asserts an ECOA claim against CIT and Bonafide. TAC 14. However, as discussed above, the Court dismissed CIT from this action. ECF No. 149. Thus, for purposes of this motion, Plaintiffs' ECOA claim is asserted only against Bonafide. Bonafide moves to dismiss Plaintiffs' ECOA claim on the ground that the claim is insufficiently pled for the reasons stated in the Court's November 28, 2011 Order. *See* Bonafide's Mot. 10-11. The Court agrees that Plaintiffs fail to state a claim under ECOA and further finds that Plaintiffs' ECOA claim, even if properly pled, would also be time-barred.

Plaintiffs have asserted their ECOA claim since filing this lawsuit on February 16, 2010. *See* Compl. 14-15, ECF No. 1; FAC 18, ECF No. 32; SAC 16, ECF No. 82. The remaining Defendants have all raised, either in answers or in motions to dismiss prior complaints, the defense that Plaintiffs' ECOA claim is insufficiently pled and time-barred. *See* ECF No. 7, at 16-17; ECF No. 11, at 8-9; ECF No. 14, at 5; ECF No. 22; ECF No. 41, at 5-6; ECF No. 52, at 34; ECF No. 116, at 2, 5; ECF 119, at 35. Indeed, CMC and MERS argued that Plaintiffs' original complaint failed to state an ECOA claim as early as March 25, 2010. ECF No. 11, at 8-9. However, the Court's November 28, 2011 Order granting AmNet's motion to dismiss Plaintiffs' SAC was the first court order in this case addressing Plaintiffs' ECOA claim.

ECOA, 15 U.S.C. § 1691, *et seq.*, prohibits discrimination against an applicant for credit based on "race, color, religion, national origin, sex or marital status, or age." *See* 15 U.S.C. § 1691(a). ECOA creates a private right of action for actual, compensatory and punitive damages, equitable relief, and recovery of costs, and provides a two-year statute of limitations from the date of the violation. *Id.* § 1691e(a)-(f).

To state a discrimination claim under ECOA, Plaintiffs must show that: (1) they were members of a protected class; (2) they applied for and were qualified for the loan at issue; (3) the loan was rejected despite Plaintiffs' qualifications; and (4) a creditor continued to approve loans for

7

1    similarly situated applicants or treated members not in the protected class more favorably. *See*
2    *Shiplet v. Veneman*, 620 F. Supp. 2d 1203, 1232 (D. Mont. 2009).

3    As with Plaintiffs' TILA claim, dropping Defendant AmNet from the cause of action's subheading is the only change Plaintiffs made to their ECOA claim. *Compare* SAC 16, *with* TAC 14-15. Indeed, the factual allegations supporting Plaintiffs' ECOA claim in the TAC are identical, verbatim, to the allegations in the SAC. *Compare* SAC ¶¶ 77-80, *with* TAC ¶¶ 77-80. The Court's November 28, 2011 Order explained that to state a valid ECOA claim Plaintiffs needed to, at a minimum, "allege[] that [a defendant] rejected an application for a loan for which Plaintiffs were qualified." Nov. 28, 2011 Order 13-14. In response to the Court's November 28, 2011 Order, Plaintiffs have not pled any additional facts to support their ECOA claim. Thus, the TAC, like the SAC, does not allege that Bonafide, or any other defendant, "rejected a loan for which Plaintiffs were qualified -- a requirement to state a discrimination claim under ECOA." *Id.; see also Shiplet*, 620 F. Supp. at 1232; *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1045 (N.D. Cal. 2009) (Alsup, J.) (finding that allegation "that [plaintiff] was approved for (and thereafter accepted) more credit than she applied for because she was a [member of a protected class]" was insufficient to state ECOA claim). To the contrary, Plaintiffs admit they "did not qualify for the loan" that they actually received. TAC ¶ 27. Accordingly, Plaintiffs' TAC fails to state a claim for national origin discrimination under ECOA.

Despite having multiple opportunities to cure the deficiencies in their complaint, Plaintiffs have failed to do so. Accordingly, Plaintiffs' ECOA claim is dismissed with prejudice. *Abagninin*, 545 F.3d at 742. Moreover, the Court finds that any further amendment to Plaintiffs' ECOA claim also would be futile because the claim would be time-barred by the two-year statute of limitations. Any possible claim under ECOA accrued at the time Plaintiffs refinanced their loan in September 2006. TAC ¶ 78. Thus, Plaintiffs' ECOA claim's statute of limitations ran by September 2008, and Plaintiffs did not file suit until February 16, 2010, more than a year late. As with the TILA claim, Plaintiffs are not entitled to equitable tolling because they cannot show reasonable diligence in light of their failure to review the loan documents until 2009. Tr. 13:21-14:1, ECF No. 152. Accordingly, Plaintiffs' ECOA claim against Bonafide is DISMISSED WITH PREJUDICE.

8

Case No.: 10-CV-00650-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

### C. Real Estate Settlement Practices Act

Plaintiffs' TAC asserts a RESPA claim against AmNet, CIT, and Bonafide. TAC 15. However, as discussed above, the Court already dismissed CIT from this action. ECF No. 149. Thus, for purposes of this motion, Plaintiffs' RESPA claim is asserted only against AmNet and Bonafide. AmNet moves to dismiss Plaintiffs' RESPA claim on the ground that Plaintiffs did not cure the deficiencies identified in the Court's November 28, 2011 Order, and that Plaintiffs' TAC fails to allege actual damages, as required to state a claim under RESPA. *See* AmNet's Mot. 3. Bonafide moves to dismiss Plaintiffs' RESPA claim on the ground that it is time-barred. *See* Bonafide's Mot. 11. Plaintiffs' two opposition briefs are silent as to AmNet's and Bonafide's arguments related to Plaintiffs' RESPA claim, apparently conceding that their RESPA claim lacks merit and is time-barred. The Court agrees with Bonafide and AmNet that Plaintiffs' TAC fails to state a claim under RESPA. The Court will now recount the history of Plaintiffs' RESPA claim throughout this litigation; set forth the legal standard for stating a RESPA claim; and then discuss the deficiencies in the RESPA claim as pled in Plaintiffs' TAC.

#### 1. Background

Plaintiffs have asserted their RESPA claim since filing this lawsuit. *See* Compl. 19, ECF No. 1; FAC 22-23, ECF No. 32; SAC 20-22, ECF No. 82. The remaining Defendants have raised, either in answers or in motions to dismiss prior complaints, the defense that Plaintiffs' RESPA claim is insufficiently pled and time-barred. *See* ECF No. 7, at 7; ECF No. 11, at 12-13; ECF No. 14, at 6; ECF No. 22; ECF No. 41, at 8-9; ECF No. 52, at 34; ECF No. 116, at 2; ECF 119, at 35. Indeed, CMC and MERS argued that Plaintiffs' original complaint was time-barred as early as March 25, 2010. ECF No. 11, at 12-13. However, the Court's November 28, 2011 Order granting AmNet's motion to dismiss Plaintiffs' SAC was the first court order in this case addressing Plaintiffs' RESPA claim.

In their TAC, Plaintiffs allege that AmNet "violated RESPA by failing to inform Plaintiffs of their intent to transfer the servicing of the loan or to advise of the loan transfer within the requisite time period." TAC ¶ 85. In an effort to show that their claim is not time-barred, Plaintiffs added the allegation that Defendant AmNet transferred their loan "at least once . . . since the

9

Case No.: 10-CV-00650-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

beginning of 2009." *Id.* Plaintiffs' TAC does not specify how Defendant Bonafide violated RESPA. *See id.* ¶¶ 81-86. Indeed, Bonafide's name does not appear in the TAC's paragraphs containing the factual allegations supporting Plaintiffs' RESPA claim. *See id.* For the reasons explained below, Plaintiffs' TAC fails to remedy prior deficiencies identified as to AmNet or to state a RESPA claim against Bonafide.

### 2. Legal Standard

In its November 28, 2011 Order, the Court explained that "RESPA creates a private right of action for only three types of wrongful acts: (1) payment of a kickback and unearned fees for real estate settlement services, 12 U.S.C. § 2607(a), (b); (2) requiring a buyer to use a title insurer selected by the seller, 12 U.S.C. § 2608(b); and (3) the failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified written request for information about a loan, 12 U.S.C. § 2605(f)." Nov. 28, 2011 Order 17 (citing *Patague v. Wells Fargo Bank, N.A.*, No. 10-CV-03460-SBA, 2010 WL 4695480, at *3 (N.D. Cal. Nov. 8, 2010)). As Plaintiffs do not allege that any Remaining Defendant paid a kickback to any party, or required Plaintiffs to use a specific title insurer, *see* TAC ¶¶ 81-86, the only RESPA provision under which any Remaining Defendant could be held liable is 12 U.S.C. § 2605(f).

The Court noted in its November 28, 2011 Order that only "loan servicers" are subject to liability under 12 U.S.C. § 2605(f). Nov. 28, 2011 Order 18; *see also Hawkins v. Homecomings Fin., LLC*, CV 09-6544 ODW (OP), 2010 WL 1710274, at *2 (C.D. Cal. Apr. 26, 2010) (noting that only loan servicers are "subject to the obligations imposed by RESPA"). "In order to survive a motion to dismiss a claim under [RESPA] section 2605, the plaintiff must allege actual harm." *See, e.g.*, *Valle v. JP Morgan Chase Bank, N.A.*, 11-CV-2453-MMA WMC, 2012 WL 1205635, at *6 (S.D. Cal. Apr. 11, 2012); *Teaupa v. U.S. Nat. Bank N.A.*, CIV. 10-00727 JMS, 2011 WL 6749813, at *11 (D. Haw. Dec. 22, 2011) (noting that complaint fails to state a RESPA claim where it "fails to allege any actual damages resulting from a failure to notify Plaintiffs of the transfer of servicing"); *Singh v. Wash. Mut. Bank*, 09-CV-2771-MMC, 2009 WL 2588885, at *5 (N.D. Cal. Aug. 19, 2009). Under RESPA's statute of limitations, claims under 12 U.S.C. § 2605(f) must be brought within three years of when the violation occurs. 12 U.S.C. § 2614. As

10
Case No.: 10-CV-00650-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

1   discussed below, Plaintiffs' RESPA claim fails for the following reasons: (1) Plaintiffs fail to

2   allege that any Remaining Defendant is a "loan servicer," and thus subject to RESPA liability; (2)

3   Plaintiffs fail to allege factual allegations to support their claim of actual damages; (3) Plaintiffs

4   fail to allege any facts that implicate Bonafide in any wrongdoing; and (4) Plaintiffs' RESPA claim

5   is time-barred.

### 3. Failure to Allege that a Defendant is a Loan Servicer

Although the Court's November 28, 2011 Order dismissed Plaintiffs' RESPA claim against AmNet because the SAC alleged that AmNet was a "mortgage lender" rather than a "loan servicer," as required to state a claim under RESPA, Plaintiffs' TAC continues to allege that Defendant AmNet is a "mortgage lender." TAC ¶ 9. This deficiency applies equally to Bonafide, which is also not identified in the TAC as a "loan servicer," but rather as a "mortgage broker." TAC ¶ 13. Despite being given the chance to amend, Plaintiffs' TAC still fails to plead that any of the Remaining Defendants was a "loan servicer," and thus fails to state a valid RESPA claim. Accordingly, Plaintiffs' RESPA claim may be dismissed with prejudice for repeated failure to cure this deficiency. *Carvalho*, 629 F.3d at 892-93.

### 4. Failure to Allege Actual Damages

AmNet argues that Plaintiffs' TAC fails to allege that Plaintiffs suffered actual damages as a result of any purported RESPA violation. As discussed above, Plaintiffs must allege actual damages resulting from a failure to notify Plaintiffs of the transfer of servicing. *Teaupa v. U.S. Nat. Bank N.A.*, 2011 WL 6749813, at *11. Here, the Plaintiffs' TAC merely states that: "As a direct and proximate result of American Mortgage Network's failure to comply with RESPA, Plaintiffs have suffered and continues [sic] to suffer damages and costs of suit. Plaintiffs are entitled to recover . . . actual damages in an amount to be determined at trial." TAC ¶ 86. Such a conclusory allegation is insufficient to survive a motion to dismiss. *See Edwards v. Wachovia Mortg.*, 2011 WL 4591907, at *3–4 (dismissing RESPA claim because plaintiff "failed to plead non-conclusory factual allegations indicating how he was damaged by any alleged RESPA violation"). Accordingly, Plaintiffs' failure to allege facts indicating how they were damaged by any alleged RESPA violation is a further reason to dismiss Plaintiffs' RESPA claim.

11

Case No.: 10-CV-00650-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

### 5. Failure to Allege any Facts Implicating Bonafide

In its November 28, 2011 Order, the Court noted that Plaintiffs' SAC failed to detail "what act by AmNet violated RESPA." Nov. 28, 2011 Order 18. While Plaintiffs' TAC includes some specific allegations relating to AmNet, it does not allege any act committed by Bonafide which may have violated RESPA. TAC ¶¶ 81-86. Plaintiffs' RESPA allegations do not meet "the minimum threshold in providing [Bonafide] with notice of what it is that it allegedly did wrong." *Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Thus, Plaintiffs' failure to plead sufficient facts as to Bonafide's alleged wrongdoing is another reason to dismiss Plaintiffs' RESPA claim against Bonafide. The Court dismisses Plaintiffs' RESPA claim against Bonafide with prejudice because Plaintiffs failed to provide any allegations against Bonafide despite the November 28, 2011 Order's requirement that Plaintiffs provide specific allegations. *See Carvalho*, 629 F.3d at 892-93.

### 6. Statute of Limitations

The Court's November 28, 2011 Order also dismissed Plaintiffs' RESPA claim as time-barred. Nov. 28, 2011 Order 18. The three-year statute of limitations ran as of September 2009, and Plaintiffs did not file suit until February 16, 2010. *See id.* Moreover, Plaintiffs' SAC failed to allege that the RESPA claim was subject to equitable tolling because, as with Plaintiffs' TILA claim, Plaintiffs did "not allege any diligence on their part that might potentially extend the statute of limitations through equitable tolling." *Id.*

Plaintiffs were given the opportunity to cure these deficiencies through amendment. Plaintiffs did not add any additional allegations of diligence. Plaintiffs did, however, add the allegation that their loan "was transferred at least once by [AmNet] to another entity since the beginning of 2009," TAC ¶ 85. The Court need not accept such a conclusory allegation. *In re Gilead Scis. Secs. Litig.*, 536 F.3d at 1055 (court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). Plaintiffs allege no supporting facts, such as the date on which the loan was transferred, or the entity to which the loan was transferred. *See id*. ¶¶ 81-86. Thus, the new allegation relating to AmNet's transfer does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

12

its face.'" *Iqbal*, 129 S. Ct. at 1949; *see also Delino v. Platinum Cmty. Bank*, 628 F. Supp. 2d 1226, 1232 (S.D. Cal. 2009) (dismissing RESPA claim where plaintiff did not allege when transfer took place and the entities involved in the transfer). Accordingly, Plaintiffs' TAC does not cure the deficiencies identified in the Court's November 28, 2011 Order and is therefore time-barred.

In summary, Plaintiffs' RESPA claim is dismissed because: (1) Plaintiffs fail to allege that any Remaining Defendant is a "loan servicer," and thus subject to RESPA liability; (2) Plaintiffs fail to allege factual allegations to support their claim of actual damages; (3) Plaintiffs fail to allege any facts that implicate Bonafide in any wrongdoing; and (4) Plaintiffs' RESPA claim is time-barred. Further amendment would be futile given that Plaintiffs have dismissed GMAC, the only entity identified in the TAC as a loan servicer. TAC ¶ 16. Moreover, Plaintiffs have been on notice of the deficiencies in their RESPA claim since March 2010 but have repeatedly failed to cure their deficiencies, despite having three opportunities to do so. Moreover, in their two opposition briefs, Plaintiffs fail to even address the deficiencies in their RESPA claim. Thus, the Court declines to give Plaintiffs further leave to amend because it would be futile. *Carvalho*, 629 F.3d at 892-93. Accordingly, Plaintiffs' RESPA claim against AmNet and Bonafide is DISMISSED WITH PREJUDICE.

### D. Defendant CIT

As discussed above, the Court dismissed Plaintiffs' claims against CIT on January 10, 2012. ECF No. 149. Despite the dismissal, Plaintiffs' TAC continues to state that Plaintiffs' TILA, ECOA, and RESPA claims are "against CIT." *See* TAC 7:16, 12:14, 15:5. It is not clear whether Plaintiffs intended to keep CIT in the TAC. Nevertheless, to the extent Plaintiffs seek to revive their TILA, ECOA, and RESPA claims against CIT by continuing to name CIT in the TAC, Plaintiffs' TILA, ECOA, and RESPA claims against CIT fail for the same reasons these claims fail against Bonafide and AmNet, discussed above. Accordingly, Plaintiffs' TILA, ECOA, and RESPA claims against CIT are also DISMISSED WITH PREJUDICE.

### E. Supplemental Jurisdiction

As discussed above, the Court dismisses all of Plaintiffs' federal claims against all Remaining Defendants with prejudice. As here, where the Court "has dismissed all claims over

13

Case No.: 10-CV-00650-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

which it has original jurisdiction," the Court "may decline to exercise supplemental jurisdiction" over Plaintiffs' state law claims. *See* 28 U.S.C. § 1367(c). The Ninth Circuit has held that these provisions give federal courts discretion either to retain or to dismiss a case after all federal claims have been dismissed. *Albingia Versicherungs AG v. Schenker Int'l*, 344 F.3d 931, 937-38 (9th Cir. 2003). When determining whether to retain supplemental jurisdiction, the court is guided by the values "of economy, convenience, fairness, and comity." *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir.1997) (en banc) (quoting *Allen v. City of Los Angeles*, 92 F.3d 842, 846 (9th Cir. 1996)) (internal quotation marks omitted). Nonetheless, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Executive Software N Am. v. United States Dist. Court*, 24 F.3d 1545, 1553 n. 4 (9th Cir. 1994) (emphasis omitted) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, n.7 (1988)) (internal quotation marks omitted).

Exercising supplemental jurisdiction would neither promote judicial economy nor convenience to the parties because the case has not progressed beyond the pleadings. Aside from ruling on motions to dismiss, the Court has not considered any dispositive motions in this case. Moreover, the parties have engaged in only limited discovery to date, despite the fact that this case was filed on February 16, 2010. *See* ECF No. 163, at 2. Moreover, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Thus, having considered the relevant factors pursuant to 28 U.S.C. § 1367(c)(3), the court DECLINES to exercise supplemental jurisdiction over Plaintiffs' state law claims.

### IV. Conclusion

For the foregoing reasons, the Court GRANTS AmNet's and Bonafide's motions to dismiss. Plaintiffs' federal claims under TILA, ECOA, and RESPA are DISMISSED WITH PREJUDICE. Pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. Accordingly, this action is DISMISSED WITH PREJUDICE. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 10, 2012

_Lucy H. Koh_
LUCY H. KOH
United States District Judge